UNITED STATES FIDELITY & GUARANTY COMPANY ET AL., APPELLANTS, v. EMMA WICKLINE, APPELLEE.

FILED JULY 16, 1919.  No. 21010

1. **Master and Servant:** WORKMEN'S COMPENSATION ACT: LIABILITY. When a woman employee who has suffered an injury to one of her kidneys offers to permit an X-ray photograph of the kidney to be made, but refuses to permit the injection of coloregol into the kidney for the purpose of rendering it opaque, she does not necessarily by such refusal forfeit her right to compensation under the employers' liability act.

2. **Appeal:** LAW OF THE CASE. Where on an appeal under the employers' liability act it is held that an attorney fee cannot be taxed as part of the costs, that holding becomes the law of the case, and the question is not open for consideration on a second appeal.

3. **Master and Servant: Workmen's Compensation Act: Appeal: Trial.** In an appeal under the employers' liability act from an award of the compensation commissioner, the district court has authority to hear the cause as a suit in equity and to enter final judgment therein. Rev. St. 1913, sec. 3678.

4. ————: ————: ————: **Award.** Where an appeal is taken from an award of the compensation commissioner under the employers' liability act, the district court, on proper application, should allow such additional compensation and "waiting time" as the evidence shows the employee entitled to by reason of continuing disability subsequent to the award of the commissioner.

Appeal from the district court for Lancaster county: Frederick E. Shepherd, Judge. *Affirmed as modified.*

*Strode & Beghtol,* for appellants.

*R. J. Greene, contra.*

Morrissey, C. J..

This cause is here for the second time. It is first reported in *United States Fidelity & Guaranty Co. v. Wickline, ante,* p. 21. A second trial has been had, and from the judgment entered both parties appeal.

It is said in the brief of plaintiff: "The sole issue in the case is whether or not Mrs. Wickline, by refusing to submit to a medical examination, including the taking of an X-ray picture, brought herself within the provisions· of section 3675, Rev. St. 1913, which provides that refusal to submit to a medical examination shall bar the right to compensation." We shall dispose of this question before taking up the ·questions raised in the cross-appeal.

Defendant's physician testified that she "thought an X-ray picture was a reasonable and a necessary thing," and that she had so advised defendant. A physician skilled in the art of making and reading X-ray photographs testified that, in order to properly determine the extent and character of defendant's injury, an X-ray photograph of the kidney ought to be made. He stated that in order to make a proper photograph it might be necessary to inject into the kidney an opaque solution called

"colorogol," and described in detail the method of making this injection, stating: "In the hands of an expert there is no danger whatever." He further testified: "That is a procedure that is not used so extensively as ...merly because we are now able to X-ray the kidney ithout difficulty without injecting it." He explained that he found it necessary to use this solution in a few cases. Defendant testified that, if the court called upon her to have an X-ray picture taken, she would permit that to be done, but she would refuse to have colorogol injected into her kidney.

The district court found that the demand upon her was not reasonable, and that her refusal ought not to bar her from a recovery. It further found that there was due defendant from plaintiff $81 for compensation and waiting time from the time plaintiff ceased its payments to the date of the award made by the compensation commissioner, with interest and costs.

In our former opinion it is said: "In the present advanced state of the science of X-ray examinations and X-ray photographs of the person, there appears to be no reason why such examination or photograph should not be permitted by a claimant for compensation under the employers' liability act, upon request by the employer or insurer, unless the request is shown to be unreasonable." The district court was therefore required to determine whether under the circumstances the request in this case was reasonable. It will be seen from the testimony of the expert produced by plaintiff that it is only in rare instances that it is necessary to inject this substance into the kidney, and it would seem that plaintiff ought to have availed itself of defendant's offer to submit to an X-ray examination without this injection. It may be that an injection was not necessary. We are constrained to hold, with the trial court, that the demand upon Mrs. Wickline was not reasonable.

By cross-appeal, counsel for defendant again asks us to tax an attorney fee against plaintiff. In the former

opinion it was properly held that an attorney fee could not be taxed as part of the costs, and that holding is the law of the case. The statute was amended by the legislature of 1919 (Laws 1919, ch. 103), but the amendment is not applicable to this case.

It is urged that the judgment ought to be for compensation and waiting time down to the date of the judgment in the district court, rather than to the date of entering the order by the compensation commissioner. Section 3678, Rev. St. 1913, as amended by section 13, ch. 85, Laws 1917, provides that "all disputed claims for compensation  *  *  *  must be submitted to the compensation commissioner for an award,". but, "if either party at interest is dissatisfied with the award of the compensation commissioner, then the matter may be submitted to the district court,  *  *  *  which court shall have authority to hear and determine the cause as a suit in equity and enter final judgment therein." Under this provision of the statute and the evidence adduced, the district court ought to have made a determination of the rights and claims of the parties down to the date of trial. Mrs. Wickline's undisputed testimony, as well as that of her husband, shows she was still disabled, as a result of the injury, at the time of the hearing in district court. She was entitled to 40 weeks' compensation at $6 a week and waiting time in addition to that awarded her.

The judgment of the district court is modified by adding to it the amount of $360, compensation and waiting time to the date of trial in that court, and, as thus modified, is affirmed.

AFFIRMED AS MODIFIED.