### LUMBERMEN'S RECIPROCAL ASS'N v. POLLARD. (No. 10016.)

Court of Civil Appeals of Texas. Dallas. April 30, 1927.

Rehearing Denied May 28, 1927.

1. **Master and servant** ⬅️385(13)—**Employee, whose fingers were mashed, held entitled to compensation for permanent partial incapacity to hand and arm. for specific injury (Rev. St. 1925, art. 8306, §§ 11, 12).**

Employee of box manufacturer, whose three last fingers on right hand were mashed in set machine, *held* entitled to compensation for permanent partial incapacity to hand for 150 weeks and for permanent partial incapacity of arm for 50 weeks, computed under last paragraph of Rev. St. 1925, art. 8306, § 12, for specific injury, rather than under section 11 for partial general disability.

2. **Master and servant** ⬅️387—**Allowing injured employee compensation for permanent partial incapacity to hand and to arm held not erroneous, as permitting double recovery (Rev. St. 1925, art. 8306, § 12).**

Allowing employee of box manufacturer whose last three fingers of right hand were mashed in set machine compensation for permanent partial incapacity to hand for 150 weeks and for permanent partial incapacity of arm for 50 following weeks, *held* not erroneous, as permitting double recovery; Rev. St. 1925, art. 8306, § 12, relating to compensation for concurrent injuries being inapplicable, in view of finding that incapacities would last lifetime.

Appeal from District Court, Dallas County; Royall R. Watkins, Judge.

Suit by J. B. Pollard against Silvers Box Corporation, employer, and Lumbermen's Re-

ciprocal Association, insurer, for compensation under Workmen's Compensation Act. Judgment for plaintiff, and the insurer appeals: Affirmed.

Thomas, Frank, Milam & Touchstone, of Dallas, for appellant.

White & Yarborough, of Dallas, for appellee.

LOONEY, J. J. B. Pollard was, at the time he received the injuries complained of, employed by Silvers Box Corporation, a subscriber within the meaning of the Workmen's Compensation Law, and carried insurance with Lumbermen's Reciprocal Association. Pollard sued to recover compensation for injuries received in the course of his employment.

Plaintiff, while engaged in operating a set machine, used in the manufacture of boxes, suffered the misfortune of having the three last fingers of his right hand caught in the machine and severely mashed. The bones at the ends of one or more of his fingers were crushed to some extent, the tendons and tendon sheaths and parts connected were bruised and mashed, resulting in permanent injury to at least two fingers; also his hand and arm were permanently injured and to some extent his general health was impaired. It was agreed that 60 per cent. of the average weekly wages plaintiff was receiving at the time of his injury was $10.50.

The case was submitted to a jury on special issues. The findings of the jury were justified by the evidence and are adopted as our conclusions on the issues involved. These findings are to this effect: That, by reason of the injury, plaintiff sustained a 100 per cent. permanent disability to the first joints of his middle and fourth fingers on the right hand, and a 75 per cent. permanent disability to the second joints of the same fingers, a 75 per cent. permanent partial incapacity to his right hand, and a 65 per cent. permanent partial incapacity to his right arm, and that said partial incapacities will continue for the remainder of his life.

On this verdict the court rendered judgment, allowing plaintiff, as compensation for the permanent partial incapacity to his hand, $7.875 for 150 weeks, being 60 per. cent. of his average weekly wages multiplied by 75, the percentage of incapacity found by the jury, and for the permanent partial incapacity to his arm, he was allowed additional compensation for 50 weeks at $6.825 per week, being 60 per cent. of his average weekly wages multiplied by 65, the percentage of incapacity to his arm found by the jury, with 6 per cent. per annum interest on all unpaid installments from the due date thereof.

The defendant appealed from this judgment and urges as grounds for reversal a number of propositions germane to assignments of error that challenge the sufficiency

---

⬅️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

of the evidence to sustain the verdict of the jury, that complain of the charge of the court in several respects as not warranted by the evidence, and complaint is made of the action of the court in admitting certain evidence over defendant's objections. We have given careful consideration to the assignments and propositions just referred to, but, as we fail to find therein ground for reversal, the same are overruled.

[1] Appellant also contends that, as plaintiff did not suffer a total loss of the use of his arm or hand, his recovery, if any was authorized by the facts, should have been for a partial general disability, under the provision of section 11 of article 8306, Rev. St. 1925, and not for specific injury, as provided in the last paragraph of section 12 of said article.

The Workmen's Compensation Law, in providing compensation for partial incapacity to an injured employee, created three groups of cases, and prescribed for each a different rule for measuring compensation: First, section 11 of article 8306 allows for partial incapacity of an employee arising from a general cause, 60 per cent. of the difference between his average weekly wages before the injury and his average weekly wage earning capacity, during the existence of the partial incapacity; second, for permanent partial incapacity arising from a specific injury, such as the entire loss or the loss of the use of a member, as a hand, foot, finger, etc., the statute (section 12 of article 8306, Rev. St. 1925) furnishes for each case a definite rule for measuring the compensation; third, in all other cases of permanent partial incapacity the employee is compensated according to the percentage of his incapacity, that is to say, the amount is arrived at by multiplying 60 per cent. of his average weekly wages by the percentage of incapacity caused by the injury, for a period not exceeding 300 weeks. Last paragraph section 12, art. 8306, Rev. St. 1925.

The question for us, therefore, is, In which of these groups does the case at bar belong? This question, in our opinion, is easily answered. It is evident that the permanent partial incapacities claimed by plaintiff did not arise from a general injury. This being true, the case does not belong to the first group and is not governed by the provisions of section 11. Plaintiff lost neither hand nor arm, nor did he lose the use of either permanently; hence the case does not belong to the second group. It follows, therefore, that the case belongs to the third and last group, and the amount of his compensation is to be ascertained on the basis of the percentage of incapacity, under the rule above mentioned. We therefore hold that the court properly permitted a recovery for permanent partial incapacity as provided in the last paragraph of section 12 of said article.

[2] Appellant makes the further contention that the judgment is fundamentally erroneous, in that plaintiff was permitted to recover for a 75 per cent. permanent partial incapacity to his hand, and a 65 per cent. permanent partial incapacity to his arm, that these incapacities were concurrent and overlapping, and that plaintiff should have been compelled to elect one or the other theory as the basis for judgment.

The following is a part of section 12 of the article of the statute under consideration, to wit:

"Where the employee sustains concurrent injuries resulting in concurrent incapacities, he shall receive compensation only for the injury which produces the longest period of incapacity."

It is evident that the injuries sustained by plaintiff were concurrent, that they resulted in concurrent incapacities to his hand and arm, but it cannot be said, in view of the finding of the jury to the effect that the incapacities would last during the lifetime of plaintiff, that either produced a longer period of incapacity than the other. This provision of the statute, therefore, is not applicable to these facts. A common injury produced separate incapacities, for which plaintiff was entitled to full compensation, and while the statute forbids a double recovery, yet it permits the injured employee to recover for lost time and impaired capacity to labor, and to this end permits him, when the law and facts justify such action, to invoke the rule that will produce to him the largest amount of compensation. If the pleadings in this case had warranted such action, the court would have been authorized, on the findings of the jury, to allow compensation for 300 weeks, and plaintiff could then have elected to accept compensation for the incapacity producing the larger amount.

But the court limited compensation for the hand incapacity to 150 weeks at $7.875 per week, and for the arm incapacity to 50 weeks, at $6.825 per week, following the period of 150 weeks for the hand injury. We find nothing in this arrangement that involves a double recovery. We see no valid reason why, in the exercise of sound judgment the court could not do as was done; that is, allow plaintiff compensation for the arm incapacity for 50 weeks following the 150-week period allowed for the hand incapacity, at the rate authorized by the facts found by the jury under the method of calculation furnished by the statute.

Finding no reversible error, the case is affirmed.

Affirmed.