## MARYLAND CASUALTY CO. v. LAUGHLIN.*

Circuit Court of Appeals, Fifth Circuit.
November 27, 1928.

No. 5445.

Gillis A. Johnson and Warren Scarborough, both of Fort Worth, Tex. (Cantey,

*Rehearing denied January 12, 1929.

Hanger & McMahon, of Fort Worth, Tex., on the brief), for appellant.

Frank S. Roberts, of Breckenridge, Tex. (Edgar W. Bounds, of Fort Worth, Tex., on the brief), for appellee.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

WALKER, Circuit Judge. This suit involved the question of the liability under the Texas Workmen's Compensation Law of the appellant, the insurer of an employer, to the appellee, an employee of the insured employer. While engaged in the work for which he was employed, the appellee, an oil well driller, was injured by a heavy object, an underreamer, falling upon him and breaking his left leg between the ankle and the knee. By agreement in writing a jury was waived. Evidence adduced tended to prove that the injury resulted in permanent crookedness and disfiguration of the broken leg, was a continuing cause of pain to appellee in his hip and back, and permanently impaired his capacity to do the work of an oil well driller.

Exceptions were reserved to the action of the court in overruling propositions submitted by the appellant to the effect that no more was allowable to appellee than a prescribed weekly compensation during 200 weeks, that the weekly compensation allowable to appellee was 25 per cent. of $20, and that the amount allowable to appellee could not be awarded in a lump sum. Findings of the court were to the effect that appellee's average weekly wage prior to his injury was $69.23; that he suffered a total incapacity for the period of 12 weeks and was entitled to $20 per week during that time, which had been paid by appellant; that on October 14, 1926, appellee suffered permanent partial incapacity in the percentage of 25 per cent. of his former capacity to do and perform the ordinary tasks of his occupation or similar employment; and that appellee's physical incapacity to labor, want of money, and indebtedness which he cannot pay make his a case of emergency and impending necessity; and the court awarded to appellee compensation fixed at $10.38 a week for the period of 300 weeks, less the amount thereof awarded to his attorney, and adjudged that the unmatured weekly payments, discounted at the rate of 6 per cent. for present value, be advanced to one payment.

The workmen's compensation statute contains the following:

"For the injuries enumerated in the following schedule the employé shall receive in lieu of all other compensation except medical aid, hospital services and medicines as elsewhere herein provided, a weekly compensation equal to sixty per. cent. of the average weekly wages of such employé, but not less than $7.00 per week nor exceeding $20.00 per week, for the respective periods stated herein, to wit:  *  *  *

"For the loss of a leg at or above the knee, sixty per cent. of the average weekly wages during two hundred weeks.  *  *  *

"In the foregoing enumerated cases of permanent, partial incapacity, it shall be considered that the permanent loss of the use of a member shall be equivalent to and draw the same compensation as the loss of that member.  *  *  *

"In all cases of permanent partial incapacity it shall be considered that the permanent loss of the use of the member is equivalent to, and shall draw the same compensation as, the loss of that member; but the compensation in and by said schedule provided shall be in lieu of all other compensation in such cases.

"In all other cases of partial incapacity, including any disfigurement which will impair the future usefulness or occupational opportunities of the injured employé, compensation shall be determined according to the percentage of incapacity, taking into account among other things any previous incapacity, the nature of the physical injury or disfigurement, the occupation of the injured employé, and the age at the time of injury. The compensation paid therefor shall be sixty per cent. of the average weekly wages of the employés, but not to exceed $20.00 per week, multiplied by the percentage of incapacity caused by the injury for such period not exceeding three hundred weeks as the board may determine. Whenever the weekly payments under this paragraph would be less than $3.00 per week, the period may be shortened, and the payments correspondingly increased by the board."

Revised Civil Statutes of Texas 1925, art. 8306, § 12.

■ Under the evidence and the court's findings, the provision fixing the compensation for the loss of a leg at or above the knee was not applicable, as the appellee did not sustain the loss of a leg at or above the knee, or the permanent loss of the use of the leg. The appellee not having lost the leg or the use of it, but the injury having caused his disfigurement and permanent suffering in parts of his body other than the leg, with the result that he was rendered partially but permanently

incapable of performing the usual duties of his occupation, his case is not that of a specific injury scheduled, but is a case of permanent partial incapacity provided for in the concluding paragraph of the above set out provision, for which a prescribed weekly compensation for a period of three hundred weeks is allowable. This conclusion is supported by Texas decisions. Texas Employers' Ins. Ass'n v. Moreno (Tex. Com. App.) 277 S. W. 84; Lumbermen's Reciprocal Ass'n v. Pollard (Tex. Civ. App.) 295 S. W. 279.

■ The ground of the contention of appellant that the weekly compensation allowable to appellee was 25 per cent. of $20 is indicated by the following assignment of error:

"The District Court erred in not concluding and holding that in computing compensation for permanent partial incapacity the proper method of computation is to take 60 per cent. of the average weekly wage, which in this case is shown to be $69.23, and to limit such 60 per cent. to $20.00, and then multiply the said sum of $20.00 by the percentage of disability, the result thus obtained to be the rate of weekly compensation which is to be paid for the length of time in such case provided by law."

This contention is not warranted by the language of the statute: "The compensation paid therefor shall be sixty per cent. of the average weekly wages of the employees, but not to exceed $20.00 per week, multiplied by the percentage of incapacity caused by the injury for such period not exceeding three hundred weeks as the board may determine." What is forbidden by the quoted language to exceed $20 is the weekly compensation payable to the injured employee. That language does not indicate a purpose to require the sum of $20 to be substituted for the amount of 60 per cent. of the average weekly wages, where that amount actually exceeds $20. Maryland Casualty Co. v. Ferguson (Tex. Civ. App.) 252 S. W. 854; Dohman v. Texas Employers' Ins. Ass'n (Tex. Civ. App.) 285 S. W. 848.

■ With reference to the suit authorized by the statute to be brought for the determination of the rights and liability of the parties affected by an injury to an employee, the statute provides: "Whenever such suit is brought, the rights and liability of the parties thereto shall be determined by the provisions of this law," etc. Revised Civil Statutes of Texas 1925, art. 8307, § 5. The just-quoted provision indicates a purpose to authorize the court in such a case as the instant one to require the allowed compensation to be paid in a way that could have been required by the Industrial Accident Board prior to the institution of the suit. The statute contains the following:

"In cases of emergency or impending necessity the association may make advance payments of compensation to any employé during the period of his incapacity or to his beneficiaries within the terms of this law, and when the same is either directed or approved by the board it shall be credited as against any unaccrued compensation due said employé or beneficiaries." Revised Civil Statutes of Texas 1925, art. 8309, § 4.

We think the just-quoted language warrants the conclusion that the Industrial Accident Board, without action by the insurer, is authorized to direct the making of advanced payments to an injured employee in cases of emergency or impending necessity. A result of the court, by the institution of the suit authorized by the statute, acquiring the powers of the Industrial Accident Board in the determination of the rights and liability of the parties, is that the court is empowered in cases of emergency or impending necessity to direct by its judgment the making of an advance payment of compensation to the injured employee.

We conclude that none of the above-mentioned rulings was erroneous.

The judgment is affirmed.