LEWIS LEONARD LEWIS, APPELLEE, V. ALLIED CONTRACTORS, INC., ET AL., APPELLANTS.

FILED JUNE 13, 1929. No. 26797.

*Dressler & Neely* and *H. J. Lutz*, for appellants.

*Sullivan & Wilson, contra.*

Heard before Goss, C. J., Rose, Dean, Good, Eberly and Day, JJ., and Raper, District Judge.

Raper, District Judge.

Lewis Leonard Lewis, plaintiff, while working for the Allied Contractors, Inc., in September, 1926, came in contact with poison ivy, and as a result he became infected with blood-poisoning, which totally disabled him from September 13, 1926, to September 1, 1927. At the time of the accident he was receiving weekly wages in the sum of $24 and was therefore entitled to receive compensation at the rate of $15 a week during total disability, which compensation (together with medical and hospital expenses) was paid by the Southern Surety Company, insurance carrier for the Allied Contractors, Inc. These compensation payments aggregated $765. On September 1, 1927, plaintiff's temporary total disability ended, and on that date the extent of partial permanent disability of plaintiff's right lower limb was ascertained by the physicians for the insurance carrier. Thereafter the surety company paid compensation to plaintiff at the rate of $15 a week for 18 weeks, to apply on amount due for the partial permanent disability. The surety company then tendered compensation at rate of $15 a week for 3½ weeks, in full settlement for the partial permanent disability. The plaintiff refused to accept this tender, and filed an informal complaint with the compensation commissioner, asking additional compensation. A hearing was had on this complaint, and an award made by the commissioner finding a 10 per cent. permanent disability of the lower right limb, and that under subdivision 3, sec. 3044, Comp. St. 1922, plaintiff was entitled to receive compensation in the sum of $6 a week for 215 weeks. The defendants appealed from that award to the district court, but plaintiff

did not appeal. That court found the facts as above outlined, and further found that plaintiff has sustained a 20 per cent. permanent partial disability and is entitled to receive from his employer compensation at the rate of $15 a week for 40 weeks, and that the surety company is entitled to receive credit on said allowance for the period of 18 weeks, commencing on or about September 1, 1927, and that there is due plaintiff compensation at $15 a week for a period of 25 weeks, or an aggregate of $375 and judgment was entered for that amount on August 6, 1928. From that judgment both parties appealed.

The only error claimed by defendants is that the district court was without jurisdiction to increase the 10 per cent. partial permanent disability as found by the commissioner to 20 per cent. partial permanent disability. Plaintiff asserts his right to receive $6 a week for 215 weeks from September 1, 1927, the date the total temporary disability ended.

In their petition on appeal from the award of the commissioner to the district court the defendants alleged that they filed this appeal from the award of the compensation commissioner made in this case for the reason that the compensation commissioner has misconstrued the provisions of section 112 of the compensation law (Comp. St. 1922, sec. 3044), particularly subdivision 3 of said section 112 relating to allowances for disability resulting in permanent injury of the various members of the body; that the commissioner found that plaintiff had a 10 per cent. partial permanent loss of the right leg and awarded plaintiff the minimum compensation of $6 a week for 215 weeks, in addition to the amount already paid by the surety company; that the surety company has indicated its willingness to pay to plaintiff for the 10 per cent. permanent disability at the rate of $15 a week for 21½ weeks, or a total of $322.50, and has paid thereon $15 a week for 18 weeks, and has tendered $52.50 in full settlement of balance due for the 10 per cent. permanent disability. It will be seen that defendants' only claim in the petition on appeal was for the

purpose of correcting the award from $6 a week for 215 weeks to the sum of $15 a week for 21½ weeks. In his answer in district court plaintiff alleged that his total permanent disability was 75 per cent. instead of the 10 per cent. which had been awarded by the commissioner, and claimed additional hospital and medical expenses. At the trial in the district court testimony was received, over objection of the defendants, as to the extent of the partial permanent disability. The court increased the amount of such disability to 20 per cent., but refused to allow nurse hire.

Defendants contend in their appeal from the district court that, inasmuch as the plaintiff took no appeal from the award of 10 per cent. permanent partial disability, he is bound by that award, and the district court erred in receiving evidence and increasing such award to 20 per cent. The issue, then, is whether the district court is invested with the power to hear an appeal *de novo,* and increase or diminish the commissioner's awards in the same manner as if originally brought in that court. It has been the practice in at least some of the district courts to try the appeals from the commissioner's awards *de novo,* and receive evidence on all matters relevant to the injury and the amounts of compensation, although the precise question does not appear to have been definitely determined in this court. In *Selders v. Cornhusker Oil Co.,* 111 Neb. 300, it is held that the workmen's compensation law should be liberally construed with a view to giving effect to its provisions and purposes. The law requires a petition and answer containing certain averments to be filed by the parties with the commissioner. The trial by the commissioner is an informal hearing. The law (Comp. St. 1922, sec. 3062) concerning procedure on appeal provides that, in case either party refuses to accept the awards of the commissioner, either party may submit a verified petition to the district court, setting forth the names and residences of the parties and the facts relating to the employment at the time of the injury, the injury in its extent and character, the amount

of wages being received, the knowledge or notice to the employer of the occurrence of said injury, and such other facts as may be necessary for the information of the court, and also stating the matter or matters in dispute and the contention of the petition with reference thereto. The matters which the statute directs to be pleaded in the petition on appeal are substantially the same as are required in the petition to the commissioner. Likewise the answer on appeal is directed to plead practically the same things that are required in the answer before the commissioner. It is asserted by the defendants that the district court can only adjudicate matters in dispute as disclosed by the petition on appeal, and cannot go beyond that to hear and determine anything else except what the appellant has expressly raised in his petition on appeal, where the opposing party does not also appeal.

The practice in at least some of the judicial districts has been to hear the case *de novo* upon appeal, and hear and determine every issue, irrespective of which party took the appeal. This court in *United States Fidelity & Guaranty Co. v. Wickline,* 103 Neb. 681, held that on such appeal the district court has authority to hear the cause as a suit in equity and to enter final judgment. It also held that on such appeal the district court on proper application should allow such additional compensation and "waiting time" as the evidence shows the employee entitled to by reason of continuing disability subsequent to the award of the commissioner. See, also, *Updike Grain Co. v. Swanson,* 103 Neb. 872. If appellants' theory is to be followed, the district court on appeal could not take cognizance of anything happening after the commissioner's hearing. Suppose the injury to this workman was progressive, and after the initial award it became necessary to amputate the leg on account of the injury, or he had incurred other medical or hospital expenses, the law would be powerless to award additional compensation, unless the district court could make an additional award. It would destroy the effectiveness of the law, and prevent the carrying out of its beneficent purposes.

The law requires the pleadings on appeal to be substantially the same as in the proceedings before the commissioner. This is an indication that, when either party appeals, such appeal brings the whole case to the district court for trial on its merits, as a cause in equity, and the district court must hear and determine all the relevant matters, not only those that were determined by the commissioner, but any others, proper issues pleaded by either party. In this case the defendants appealed, they claim, only from that part of the commissioner's award which gave compensation for 215 weeks. If plaintiff took the appeal ostensibly to increase the weekly compensation and the defendants received information that plaintiff's award for medical and hospital expenses had been wrongfully allowed, it would be unjust to them if they were not permitted to prove such fact in the district court. The law was intended to give the district court jurisdiction on such appeals to try the case *de novo,* irrespective of which party brought the appeal, and the district court in this case had authority to increase the award, and there is evidence sufficient to support that finding.

The cross-appeal of plaintiff presents a question that has been already decided by this court. He claims that, where there is a partial disability of a leg, the plaintiff was entitled to compensation for 215 weeks. The defendants say that the compensation is to be computed on the percentage of the period and not percentage of wages. The district court gave judgment for $15 a week for 20 per cent. of 215 weeks, which was 43 weeks. This method is the correct one. *Western Newspaper Union v. Dee,* 108 Neb. 303; *Poast v. Omaha Merchants Express & Transfer Co.,* 107 Neb. 516; *Hall v. Germantown State Bank,* 105 Neb. 709; *Ulaski v. Morris & Co.,* 106 Neb. 782; *Updike Grain Co. v. Swanson,* 103 Neb. 872.

This is not inconsistent with the holdings in the cases of *Schlesselman v. Travelers Ins. Co.,* 112 Neb. 332, and *Johnson v. David Cole Creamery Co.,* 109 Neb. 707, as in each of those cases the employee had suffered partial permanent disability to two members, and compensation was accordingly

awarded under subdivision 1, sec. 3044, while the award in this case is under subdivision 3.

The judgment of the district court is affirmed at cost of Allied Contractors, Inc.

AFFIRMED.

GOOD, J., dissenting.

I am unable to concur in the rule announced in the second paragraph of the syllabus of the majority opinion.

Section 3044, Comp. St. 1922, fixes the schedule of compensation to injured employees. Subdivision 3 of that section provides: "For the loss of a leg sixty-six and two thirds per centum of daily wages during two hundred and fifteen weeks." Another provision of said subdivision 3 is as follows: "In all cases involving a permanent partial loss of the use or function of any of the members mentioned in subdivision 3 of section 3662 (3044) the compensation shall bear such relation to the amounts named in said subdivision 3 of section 3662 (3044) as the disabilities bear to those produced by the injuries named therein."

I am satisfied that the proper construction of that provision awards to the injured employee, who has suffered a permanent partial loss of the use or function of any of the members mentioned in subdivision 3, compensation for the full term allowed for the loss of such member, but that the amount of the compensation shall be such proportion of the amount awarded for the total loss of the member as the partial loss of the use or function bears to the entire use or function of the member. In other words, if an employee has suffered a 50 per cent. permanent partial loss of the use or function of any of the members mentioned in subdivision 3, he is entitled to 50 per cent. of the compensation that would be allowed for the loss of such member, and for the full term that compensation is allowed for the loss of such member. But the foregoing provisions are further qualified by another paragraph of said subdivision 3 in the following language: "Compensation under this subdivision shall not be more than fifteen dollars per week, nor less than six dollars per week: *Provided*,

that, if at the time of injury, the employee receives wages of less than six dollars per week, then he shall receive the full amount of such wages per week as compensation."

Applying the facts to the instant case, where the employee was receiving wages at $24 a week, the amount that he should receive for the permanent partial loss of the use of his leg could in no event be less than $6 a week for the period of 215 weeks, which would make the sum of $1,290, total compensation that he would receive. The language of the statute is so clear and plain that no other construction seems possible; yet, under the opinion adopted by the majority he is allowed $15 a week for 43 weeks, or, in the aggregate, $645, just one-half of what he is fairly entitled to by the statute.

It has always been the policy of this court to give a liberal construction to the workmen's compensation law and, wherever in doubt, to give the workman or employee the benefit of the doubt. Here, it seems to me, there is no doubt that the employee was clearly entitled to $1,290; instead he is given 50 per cent. of that amount.