Chas. J. CONNOR et al., as Thos. Connor & Sons, Appellants, v. EXCESS INS. CO. OF AMERICA, Appellee.

No. 4455.

Circuit Court of Appeals, Third Circuit.

Jan. 6, 1932.

John A. Hartpence, of Jersey City, N. J., for appellants.

Walter Gordon Merritt, of New York City, for appellee.

Before BUFFINGTON and THOMPSON, Circuit Judges, and THOMSON, District Judge.

PER CURIAM.

On consideration of the annexed stipulation of the parties, dated January 6, 1932, it is now ordered, adjudged, and decreed that the order and judgment of reversal herein, dated August 13, 1931, 51 F.(2d) 626, and the mandate issued thereon, be vacated and set aside, and the appeal dismissed without prejudice to further proceedings in the District Court.

This order is now entered by consent of all parties. In point of fact no question has ever been raised in this court until this date that the court had no jurisdiction by reason of the failure of the parties themselves to file a written waiver of jury trial. We make the order now because all parties agree that it be made.

CRESCENT WHARF AND WAREHOUSE COMPANY, a Corporation, and Pacific Employers Insurance Company, a Corporation, Appellants, v. Warren H. PILLSBURY, Deputy Commissioner of the U. S. Employees' Compensation Commission for the Thirteenth Compensation District, Appellee.

No. 6563.

Circuit Court of Appeals, Ninth Circuit.

F. Britton McConnell, of Los Angeles, Cal., for appellants.

Samuel W. McNabb, U. S. Atty., and Dorothy Lenroot Bromberg, Asst. U. S. Atty., both of Los Angeles, Cal., for appellee.

Before WILBUR and SAWTELLE, Circuit Judges, and JAMES, District Judge.

WILBUR, Circuit Judge.

This is an appeal from an award of the Deputy Commissioner. Since this case was submitted the Supreme Court of the United States has decided the case of Baltimore & Philadelphia Steamboat Co., and Maryland Casualty Co. v. Norton, Deputy Commissioner, etc., 52 S. Ct. 187, 76 L. Ed. ——, decided January 11, 1932.

If we assume, as appellant contends we should, that the employee's injury in the case at bar is a hand injury, and if we apply the decision of the Supreme Court in Baltimore & Philadelphia, etc., v. Norton, supra, the result would be as follows: Healing period, 32 weeks; no excess under the provisions of 33 USCA § 908, subd. (c) (22); compensation for loss of land, 244 weeks; subtract healing period of 32 weeks, balance 212 weeks; 45 per cent. disability. 95.4 weeks (being 45 per cent. of 212 weeks): Add this period of 95.4 weeks to the 32 weeks for total disability, and we have a total of 127.4 weeks. This is a larger award than that which is appealed from (123.8 weeks).

This would require the affirmance of the order appealed from. This situation is not considered by the attorneys in the presentation of the case, and for that reason opportunity will be given the parties to present their views with reference to this matter within thirty days. If no briefs are filed within that period by the parties, the judgment will be affirmed for the reasons given.