## LUCKENBACH S. S. CO., Inc., v. NORTON, Deputy Com'r, et al.

### No. 9887.

District Court, E. D. Pennsylvania.

June 23, 1938.

See, also, D.C., 21 F.Supp. 707.

George F. Blewett, of Philadelphia, Pa., for plaintiff.

J. Barton Rettew, Jr., Asst. U. S. Atty., of Philadelphia, Pa., and J. Cullen Ganey, U. S. Atty., of Bethlehem, Pa., for Norton, Dept. Com'r.

E. Herman Fuiman, of Philadelphia, Pa., for claimant.

MARIS, District Judge.

This is an injunction proceeding in equity brought under Section 21 of the Longshoremen's and Harbor Workers' Compensation Act (33 U.S.C. § 921, 33 U.S.C.A. § 921) to set aside a compensation order of the defendant Deputy Commissioner in favor of the defendant Nagornik. The plaintiff concedes that the findings of fact of the Deputy Commissioner are supported by substantial evidence and bases its complaint upon the ground that the award made is in excess of that permitted by the act and is based upon a misconstruction of it.

The Deputy Commissioner found that on May 24, 1937, Nagornik was employed by the plaintiff as a longshoreman on the vessel Andrea F. Luckenbach, then loading at Philadelphia, and that while loading steel beams the middle and ring fingers of his right hand were caught and crushed be-

tween two large beams. He further found that as a result of the injury Nagornik had been totally disabled for twenty-one weeks and three days for which compensation at $15 per week had been paid; "that as a further result of the injury claimant has a permanent disability consisting of almost complete loss of flexion of the distal interphalangeal articulations of the second and third fingers of the right hand; that this permanent partial disability is equivalent to 30% of such disability as he would have sustained if he had lost his right hand." Finding that 30% of 212 weeks, the schedule period for loss of a hand, is 63.6 weeks, the Deputy Commissioner awarded Nagornik continuing compensation for permanent partial disability for that period.

The contention of the plaintiff is that since Nagornik lost the use of portions of his second and third fingers only, he was entitled to compensation merely for the partial loss of fingers and not to compensation based upon a partial loss of the hand. It is argued that this contention finds support in the provisions of Section 8 of the Longshoremen's and Harbor Workers' Compensation Act, as amended (33 U.S.C. § 908, 33 U.S.C.A. § 908), the pertinent provisions of which are as follows:

"(c) Permanent partial disability: In case of disability partial in character but permanent in quality, the compensation shall be 66⅔ per centum of the average weekly wages, which shall be in addition to compensation for temporary total disability paid in accordance with subdivison (b) of this section, and shall be paid to the employee, as follows:

\* \* \*

"(3) Hand lost, two hundred and twelve weeks' compensation.

\* \* \*

"(9) Second finger lost, eighteen weeks' compensation.

"(10) Third finger lost, seventeen weeks' compensation.

\* \* \*

"(14) Phalanges: Compensation for loss of more than one phalange of a digit shall be the same as for loss of the entire digit. Compensation for loss of the first phalange shall be one-half of the compensation for loss of the entire digit.

\* \* \*

"(17) Two or more digits: Compensation for loss of two or more digits, or one or more phalanges of two or more digits,

of a hand or foot may be proportioned to the loss of use of the hand or foot occasioned thereby, but shall not exceed the compensation for loss of a hand or foot.

"(18) Total loss of use: Compensation for permanent total loss of use of a member shall be the same as for loss of the member.

"(19) Partial loss or partial loss of use: Compensation for permanent partial loss or loss of use of a member may be for proportionate loss or loss of use of the member.

\* \* \*

"(22) In any case in which there shall be a loss of, or loss of use of, more than one member or parts of more than one member set forth in paragraphs (1) to (19) of this subdivision, not amounting to permanent total disability, the award of compensation shall be for the loss of, or loss of use of, each such member or part thereof, which awards shall run consecutively."

In considering this statute it is first to be noted that compensation for permanent total loss of use of a member is to be the same as for the loss of the member itself and compensation for permanent partial loss or loss of use of a member may be for proportionate loss or loss of use of the member. Consequently Nagornik's loss of use of certain phalanges of two of his fingers is to be treated for compensation purposes as if he had totally lost those phalanges.

It is next to be noted that the statute provides specifically for 18 weeks' compensation for the loss of the second finger and 17 weeks' for the loss of the third, while compensation for the loss of the first phalange of a finger is to be one-half of that provided for the loss of the entire finger. Also the statute expressly provides 212 weeks' compensation for the loss of the hand. Pointing to these provisions the plaintiff contends that one who loses the second and third fingers is restricted by the statute to a total of 35 weeks' compensation and may not receive more upon the theory that he has suffered the partial loss of a hand.

With this contention I am unable to agree, however. It is obvious that the fingers form an essential part of the hand and that the loss of fingers or parts thereof necessarily involves a partial loss of the hand and almost certainly a partial loss of use of the latter also. This is recognized

by the statute which in paragraph (17) provides that compensation for loss of one or more phalanges of two or more digits of a hand may be proportioned to the loss of use of the hand occasioned thereby. Paragraphs (18) and (19) make this paragraph applicable to loss of use of phalanges as well. Here the Deputy Commissioner found that the permanent loss of use of the distal phalanges of two digits of Nagornik's right hand occasioned a permanent 30% loss of use of the hand and he proportioned the compensation award accordingly. This I conclude he was authorized by paragraph (17) to do.

The plaintiff contends, however, that paragraph (22) bars an award upon such a basis. I do not so read that paragraph. It merely provides that where there has been a loss of use of more than one member or parts of more than one member awards of compensation shall be made for the loss of each and shall run consecutively. This provision, which was inserted by Section 3 of the Act of May 24, 1934, 48 Stat. 806, 33 U.S.C.A. § 908(c) (22), is clearly intended to make certain that a claimant receives full compensation for each lost member or part thereof, where two or more are lost. The Act of 1934 was passed for the benefit of claimants and it did not expressly repeal or inferentially affect the discretion conferred upon the Deputy Commissioner by paragraph (17) to award compensation in a case like the present upon the basis of a partial loss of use of the hand, where such a partial loss of use in fact existed.

Bill dismissed.