HARDWARE MUTUAL CASUALTY COMPANY *v.* MAXEY.

4-8278                       205 S. W. 2d 29

Opinion delivered October 27, 1947.

*Barber, Henry & Thurman,* for appellant.

*Howell & Howell,* for appellee.

GRIFFIN SMITH, Chief Justice. The question is whether Circuit Court erred when it approved the method of computation adopted by Workmen's Compensation Commission in awarding benefits to appellee. Act 319, approved March 15, 1939.

The claimant's weekly earnings were $17.35. Sixty-five per cent. is $11.28. It is conceded there was an injury-caused impairment of 25% denominated by the Act as permanent partial disability. Following the accident of May 17, 1945, Maxey collected full compensation until June 1, 1946—a period of 54 weeks. The healing period having terminated, evidence established the partial impairment. Payment of the minimum of $7 provided by § 10 of Act 319 was ordered for 396 weeks. This period was arrived at by subtracting from the maximum of 450 weeks the time taken for healing.

Appellants contend for a construction of the Act which would require payment of benefits at $11.28 for 25% of the maximum period,—that is, 112½ weeks. If this were done appellee would receive $1,269 instead of $2,772, as awarded.

It is argued that any other construction would result in an absurdity. What appears to have been overlooked

in reaching this conclusion is that the lawmaking body may enact a statute that a reasonable objector would view as unreasonable, and yet it would be constitutionally permissive. There are practical considerations the General Assembly must deal with that do not address themselves to Courts; and when we conclude that a particular purpose was intended, the judiciary is not at liberty to defeat that end merely because in exceptional circumstances an inequitable result attends.

In the case before us 25% of $11.28 is $2.82, and 450 times $2.82 is $1,269 as appellants say. But a payment of $2.82 is $4.18 short of $7. What, then, are we to do with § 10 where it is written that compensation shall not exceed $20 per week nor be less than $7? To emphasize the minimum there is added, "provided, however, that in no case shall the compensation be less than $7 per week".

Our attention is called to *Caddo Quicksilver Corporation* v. *Barber*, 204 Ark. 985, 166 S. W. 2d 1, where the Commission dealt with a 90% permanent partial disability sustained by the claimant. Under § 13(c) particular injuries are compensable for determined periods. Payment for loss of a leg is 65% of average weekly wages, to continue for 175 weeks. We affirmed Circuit Court's finding that the Commission was correct in directing payment at $13.36 for 157½ weeks—ninety per cent of 175 weeks. This construction, say appellants, is a judicial determination that in all cases involving permanent partial disability the maximum number of weeks mentioned in the Act as the period of compensation should be reduced by the percentage of disability.

We agree that seeming inconsistencies occur where the minimum of $7 is allowed for permanent partial disability if 65% of the claimant's weekly wage is less than $7. For example, 65% of a weekly wage of $10.77 equals $7. If in that case the degree of impairment is one-fourth, weekly payments on a percentage basis would be $1.75. If the disability be 10% the claimant would receive weekly benefits of seventy cents; and for a compensable period of 450 weeks the gross yield is $787.50

in the first instance and $315 in the second. If the minimum of $7 is awarded the allowance is $3,150 in either case. Result would be that a claimant incapacitated to the extent of five, ten, fifteen, or any percent less than twenty-five would receive the exact compensation paid to one sustaining a 25% injury. This is seemingly at variance with accepted notions of fitness or order, but the anomaly is of legislative creation and is permissive.

Since we are not permitted to place a construction upon the Act that would defeat an essential purpose expressed by the Legislature, the judgment must be affirmed. It is so ordered.