## FOLLETT v. VORIS et al.

### No. 1031.

United States District Court
S. D. Texas, Houston Division.

May 1, 1952.

Mandell & Wright (Arthur J. Mandell), Houston, Tex., for libellant.

Royston & Rayzor (John R. Brown and E. D. Vickery), and Brian S. Odem, U. S. Atty., and W. G. Winters, Jr., Asst. U. S. Atty., Houston, Tex., for respondents.

KENNERLY, Chief Judge.

This suit in Admiralty arises under the Longshoremen's and Harbor Workers' Compensation Act, Section 901 et seq., Title 33 U.S.C.A. Libellant, suing under Section 921, complains that the Deputy Commissioner, upon the undisputed facts before him, should have allowed libellant compensation in the sum of $2,183.60, when in fact he only allowed $1,113.

It is undisputed that libellant was injured, duly presented his claim, and is entitled to compensation under such Act. That his average weekly wages were $103 per week. That, as a result of such injury, libellant suffered temporary total disability under Section 908(b)[1] for 10 weeks, for which he has been overpaid and about which there is no dispute here. That also as a result of such injury, libellant suffered 15% permanent partial disability to his left hand under Section 908(c),[2] entitling him to 212 weeks compensation.

1. Section 908(b) is as follows:
"(b) Temporary total disability: In case of disability total in character but temporary in quality 66⅔ per centum of the average weekly wages shall be paid to the employee during the continuance thereof."

2. Section 908(c) is as follows:
"(c) Permanent partial disability: In case of disability partial in character but permanent in quality the compensation shall be 66⅔ per centum of the average weekly wages, which shall be in addition to compensation for temporary total dis-

Libellant complains that the Deputy Commissioner, in figuring libellant's compensation, was controlled by Section 906(b) as well as Section 908(c), and made the following calculation:

"$35.00 the maximum weekly compensation allowed by Statute

15% of $35.00 per week.... $5.25

525 x 212 weeks .........$1,113.00."

Libellant says he should have been controlled only by Section 908(c) and should have made the following calculation:

"66⅔rd of $103.00......... $68.66

15%   of $ 68.66......... 10.30

$10.30   x 212 ...........$2,183.60."

The exact question is whether libellant is entitled under Subparagraph (c) of Section 908 to have his compensation figured at 66⅔% of $103, his average weekly wages, or whether he is only entitled under both Subparagraph (c) of Section 908 and Subparagraph (b) of Section 906 to have it figured at 66⅔% of the *maximum* compensation, $35 per week.

Counsel have cited many cases,[3] and I am without doubt that the weight of authority sustains the Deputy Commissioner and what seems to be the settled procedure under the Act.

It seems necessary to only discuss a few of the cases. The leading and controlling case is Baltimore & Philadelphia Steamship Co. v. Norton, 284 U.S. 408, 409, 52 S.Ct. 187, 76 L.Ed. 366,[4] even though the exact question we have here was not decided there. There, the longshoreman's actual average weekly wages were $36.06, and 66⅔% thereof was $24.04, or less than the then *maximum* wage of $25 fixed by Section 906(b). Neither was the exact question decided by this Court in Southern Stevedoring Contracting Co. v. Sheppeard, D.C., 1 Supp. 867. In that case, the actual average weekly wages of the longshoreman were $30, and 66⅔% thereof was $20, or less than the then *maximum* wage fixed by Section 906(b). However, in Phonville v. New York & Cuba S. S. Co., in a case arising under the New York Workmen's Compensation Law, McK.Consol.Laws, c. 67, the average weekly wages were $35.90, and 66⅔% thereof would have been $23.39, and the compensation was held to be $20 per week, the maximum under the New

---

ability or temporary partial disability paid in accordance with subdivision (b) or subdivision (e) of this section, respectively, and shall be paid to the employee, as follows:

\* \* \* \* \* \*

"(3) Hand lost, two hundred and twelve weeks' compensation."

3. American Mutual Liability Ins. Co. v. Brock, 1926, 35 Ga.App. 772, 135 S.E. 103. Baltimore & Philadelphia Steamboat Co. v. Norton, 284 U.S. 408, 52 S. Ct. 187, 76 L.Ed. 366; Id., 3 Cir., 48 F.2d 57; Id., D.C., 40 F.2d 530. Billings v. Truesdell, 321 U.S. 542, 64 S.Ct. 737, 88 L.Ed. 917; Broderick v. Industrial Commission, 1924, 63 Utah 210, 224 P. 876; Crescent Wharf & Warehouse Co. v. Pillsbury, 9 Cir., 1932, 54 F.2d 1077; Denbow v. Standard Acc. Ins. Co., 145 Tex. 267, 199 S.W.2d 651; Galloway Coal Co. v. Stanford, 1926, 215 Ala. 79, 109 So. 377; Grays Harbor Stevedore Co. v. Marshall, D.C.Wash.1929, 36 F.2d 814; Hartford Accident & Indemnity Co. v. Hoage, 66 App.D.C. 154, 85 F.2d 411; Knoxville Power & Light Co. v. Barnes, 1927, 156 Tenn. 184, 299 S.W. 772; Lewis v. Allied Contractors, Inc., 1929, 118 Neb. 605, 225 N.W. 770, 772; Luckenbach Steamship Co., Inc., v. Norton, D.C. E.D.Pa.1938, 23 F.Supp. 829; Marshall v. Andrew F. Mahoney Co., 9 Cir., 56 F. 2d 74; Maryland Casualty Co. v. Laughlin, 5 Cir., 29 F.2d 343; Phonville v. New York & Cuba Steamship Co., 226 N.Y. 622, 123 N.E. 258; Richardson v. Maryland Casualty Co., 1930, 153 S.E. 524, 41 Ga.App. 520; Southern Stevedoring & Contracting Co. v. Sheppeard, D.C., 1 F. Supp. 867; Spurgeon v. Iowa & Missouri Granite Works, 1923, 196 Iowa 1268, 194 N.W. 286; State ex rel. John Wunder Company v. District Court of Hennepin County, 1917, 136 Minn. 147, 150, 161 N.W. 391, 392; Texas Employers Ins. Ass'n v. Holmes, 1946, 145 Tex. 158, 196 S.W.2d 390; Texas Employers Ins. Ass'n v. Maledon, Tex.Com.App., 27 S.W. 2d 151; Traders & General Ins. Co. v. Jones, Tex.Civ.App., 201 S.W.2d 105; Travelers Ins. Co. v. Machann, 5 Cir., 188 F.2d 828; United States v. Chicago, North Shore & Milwaukee Railroad Company, 1933, 288 U.S. 1, 53 S.Ct. 245, 77 L.Ed. 583.

4. See also same case, D.C., 40 F.2d 530 and 3 Cir., 48 F.2d 57.

York Act. In Longshoremen's Act, Opinion No. 34, reported in 1929 American Maritime Cases, page 100, the opinion does not show the actual average weekly wages. The same is true in Crescent Wharf & Warehouse Co. v. Pillsbury, 9 Cir., 54 F.2d 1077, in Luckenbach S. S. Co. v. Norton, D.C., 23 F.Supp. 829, and in Grays Harbor Stevedore Co. v. Marshall, D.C., 36 F.2d 814.

Libellant relies upon certain Texas cases, typical of which is Texas Employers Ins. Ass'n v. Holmes, 145 Tex. 158, 196 S.W.2d 390, construing the Texas Workmen's Compensation Law, Vernon's Ann.Civ.St. art. 8306 et seq., but I think they are not controlling here.

Believing as I do that the Deputy Commissioner correctly decided the question, his Award is approved.

Let appropriate Decree be drawn and presented.