INDUSTRIAL COATINGS OF BEAUMONT, EMPLOYER; PHOENIX OF HARTFORD, INSURANCE CARRIER v. WILLIAM E. HEATH

5-5436                                          462 S. W. 2d 450

Opinion delivered February 1, 1971

*Jones, Gilbreath & Jones,* for appellants.

*J. Marion Holman,* for appellee.

JOHN A. FOGLEMAN, Justice. The sole question on this appeal is whether one who has received a permanent partial disability because of a scheduled permanent injury is entitled to a prorated payment for the maximum period allowed for loss of the injured member, or the full statutory percentage of his average weekly wage for a prorated period. The Workman's Compensation Commission found that appellee Heath had sustained a 5% permanent partial disability to his right hand. It awarded him the maximum weekly compensation of $38.50 for 7½ weeks (or 5% of 150 weeks). On appeal, the circuit court reversed, holding that Heath's percentage of disability entitled him to that proportionate part of his weekly compensation for the full period of 150 weeks allowed for the loss of a hand. Ark. Stat. Ann. § 81-1313 (c) (5) (Repl. 1960). Since 5% of the maximum weekly compensation of $38.50 amounts to less than $10, the court ordered payment of $10 per week for 150 weeks on authority of Ark. Stat. Ann. § 81-1310.1 (Supp. 1969), which provides that minimum compensation shall not be less than $10 per week.

We have approved and applied a formula by which compensation for partial loss of use of a member has been determined by multiplying the percentage of disability of the member by the number of weeks of compensation allowable for that member and requiring payments of the average weekly wages of the claimant (or the maximum allowable weekly payment, as the case may be) for the period thus determined. See *Caddo Quicksilver Corp.* v. *Barber,* 204 Ark. 985, 166 S. W. 2d 1; *Lion Oil Co.* v. *Reeves,* 221 Ark. 5, 254 S. W. 2d 450. It is argued that cases such as these are not determinative of the question, because the correctness of the formula was never an issue, and the same total compensation would result regardless of which method of calculation was used. The trial court relied upon, and applied, the rule adopted in *Hardware Mut. Casualty Co.* v. *Maxey,* 212 Ark. 161, 205 S. W. 2d 29. In that case, we were dealing with unscheduled permanent par-

tial disability to the body as a whole. At that time, the act contained no language fixing compensation as a percentage of weekly pay with maximum and minimum limits of $20 and $7. Unscheduled permanent partial disability then required payment of 65% of the difference between the employee's average weekly wage and his wage earning capacity after injury *during the continuance of the partial disability,* not to exceed 450 weeks, or $7,000 total payments. The period was fixed as a maximum but did not constitute a valuation of the body as a whole at 450 weeks, as our present law does. Ark. Stat. Ann. § 81-1313 (d).

The circuit court found no logic to support any reason for a distinction between a scheduled and an unscheduled injury. We think that a possible basis for distinction is pointed out in 11 Schneider's Workmen's Compensation, Perm. ed., 562, § 2322, wherein it is pointed out that specific or scheduled injuries are generally compensated regardless of the fact that there may be no incapacity or disability to earn wages as a result of the injury. See *Wilson & Co.* v. *Christman,* 244 Ark. 132, 424 S. W. 2d 863. This may have been the logic applied when the law was changed to evaluate the body as a whole at 450 weeks for permanent partial disabilities not scheduled.

At any rate, none of our previous decisions is really determinative of the question here presented for the reasons hereinabove stated. Resort to decisions from other jurisdictions has not provided any guidelines, because they are based upon the respective statutes involved. The statutes, in some cases, seem to direct that the proration be on the weekly payment allowed and in others upon the period of time allowed for loss of a member. The dichotomy of authority is best illustrated by differing statements in recognized texts. Schneider states: "Where there is a permanent partial disability to a member, resulting in less than total loss of use of such member, compensation is usually paid at the full rate prescribed for the total loss of use of that member for that proportion of the full compensation period, which

the extent of the loss of the member bears to the total loss." Vol. 11, Perm. ed., p. 559, § 2321. Larson states that benefits for loss of use are ordinarily calculated as a simple percentage of the benefits for total loss by allowing that percent of the average wage for the number of weeks allowed for total loss of use of the member, but recognizes that, if the statute so provides, the percent may be applied to the overall duration rather than the weekly benefit. 2 Larson, Workmen's Compensation Law 88.48, § 58.10. The authorities cited by these writers generally simply follow the language of the applicable statute, although one jurisdiction required that time be prorated when the statute seems to say that the proportionate amount shall be paid. See *Lewis* v. *Allied Contractors,* 118 Neb. 605, 225 N. W. 770 (1929).

Our statute does not give a specific direction. Arkansas Statutes Annotated § 81-1313 (c) (21) and (22) reads:

> (21) Total loss of use: Compensation for permanent total loss of use of a member shall be the same as for amputation of the member.

> (22) Partial loss or partial loss of use: Compensation for permanent partial loss or loss of use of a member shall be for the proportionate loss or loss of use of the member.

Examination of other pertinent parts of the applicable statute[1] leads us to the conclusion that it was the legislative intent that evaluation of permanent partial disability be measured in weeks during which a money allowance amounting to 65% of his average weekly wage (if not more than $38.50 per week nor less than $10 per week) shall be paid. The maximum time period for payment was fixed at 450 weeks. Ark. Stat. Ann. § 81-1310.1 (Supp. 1969). See *Wilson & Co.* v. *Christman,* 224 Ark. 132, 424 S. W. 2d 863. Compensation for loss of each

---

[1]Heath was injured March 28, 1967. The referee's decision was made November 25, 1968. Initiated Act. No. 1 of 1968 became effective December 12, 1968.

member listed in the statute is fixed at 65% of the weekly wage and evaluation of the loss is in terms of weeks during which the prescribed amount (within statutory limitations) shall be paid. We cannot escape the conclusion that loss of use was correctly proportioned by the commission according to the statutory direction and that the judgment of the circuit court is erroneous.

The judgment of the circuit court is reversed.