Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of AUGUST MARHOFFER, Respondent, for Compensation under the Workmen's Compensation Law, *v.* ALEXANDER MARHOFFER, Employer, and ZURICH GENERAL ACCIDENT AND LIABILITY INSURANCE COMPANY, LIMITED, Insurance Carrier, Appellants.

Third Department, November 15, 1916.

Workmen's Compensation Law — statute construed — award for permanent partial disability, and also for temporary total disability from same accident approved — compensation for temporary disability while disabled by permanent disability and being compensated therefor — appeal — determination by Commission of questions of fact final.

Where a woodworker while cutting a piece of wood with a circular saw accidentally cut off his second finger and severely lacerated his thumb and index finger, and the State Industrial Commission found as a conclusion of fact that the injuries to his thumb and finger, irrespective of the loss of his second finger, would have disabled him for a period of ten weeks from the time of the accident, an award for the injuries to his thumb and index finger of two-thirds wages for a period of eight weeks and for the loss of his second finger of two-thirds wages for the further and subsequent period of thirty weeks, should be affirmed.

An employee entitled to compensation for permanent partial disability may also be allowed compensation for temporary total disability for injuries arising out of the same accident and terminating within the period of the running of the award for permanent partial disability.

A claimant is not entitled to receive any compensation on account of temporary disability while being disabled from working by reason of the permanent disabilities and being compensated therefor.

The determination by the State Industrial Commission of the period of disability of a claimant is one of fact and is final.

The application of the provision of section 15 of the Workmen's Compensation Law to the effect that compensation for the specific injuries constituting permanent partial disability shall be in lieu of all other compensation, is limited to such specific injuries.

APPEAL by Alexander Marhoffer and another from part of an award and order of the State Industrial Commission, made on the 6th day of April, 1916,

*Alfred W. Andrews [John N. Carlisle* and *Charles B. Sullivan* of counsel], for the appellants.

*Egburt E. Woodbury, Attorney-General [E. C. Aiken, Deputy Attorney-General* of counsel], and *Robert W. Bonynge,* counsel to the State Industrial Commission, for the respondents.

LYON, J.:

The single question presented by this appeal is whether an employee, entitled to compensation for permanent partial disability, is also entitled to compensation for temporary total disability for injuries arising out of the same accident, and terminating within the period of the running of the award for permanent partial disability. The claimant was employed as a woodworker in the business of manufacturing wooden lamps at Long Island City, N. Y. On November 27, 1915, while cutting a piece of wood with a circular saw his right hand was accidentally forced against the saw cutting off his second finger and severely lacerating his thumb and index finger.

The State Industrial Commission in April, 1916, found as a conclusion of fact that the injuries to his thumb and finger, irrespective of the loss of his second finger, would have disabled him for a period of ten weeks from the time of the accident. The Commission thereupon awarded the claimant compensation for the injuries to his thumb and index finger of two-thirds wages for a period of eight weeks from December eleventh; and for the loss of his second finger of two-thirds wages for the further and subsequent period of thirty weeks. The employer and insurance carrier have appealed from that portion only of the award which allows for the disability of eight weeks on account of injuries to the thumb and index finger. The appellants contend that the claimant was not entitled to an award for the eight weeks' period, for the reason that the disability for which such award was made terminated within the thirty weeks' period covered by the award for temporary total disability.

Had the Workmen's Compensation Law (Consol. Laws, chap. 67; Laws of 1913, chap. 816, as re-enacted by Laws of 1914, chap. 41) made no specific provision for an award of compensation in cases of permanent partial disability, it seems

probable that the claimant herein would have been entitled to an award of compensation to continue until the longest disabling injury had permitted him to resume employment, and to then cease. It is apparent, therefore, that the Legislature by providing a schedule of specific compensation for permanent partial disabilities intended to apply a different rule to an award where such a disability existed, than to an award where the employee had simply suffered temporary total disability. The reason for this seems to be found in the nature of the injuries. Under the latter class of disability, the employee's recovery usually leaves him in practically as good condition to labor as before. Under the former class, the disability must continue during life and doubtless to a greater or less extent disable the employee, and very likely prevent him from earning the full wages which otherwise he would have earned. Apparently with the view of providing some recompense for this hardship, the statute has arbitrarily fixed definite periods of award for permanent partial disabilities. Under it an employee is entitled to full compensation should he be able to resume employment within a week or even the next day, and is also entitled to retain the full wages which he may earn during the unexpired period. As a matter of common knowledge a person suffering such disability can reasonably be expected to be able to go back to work far within the period fixed by the statute for the continuance of compensation. In the case at bar the employee resumed his employment at the end of ten weeks from the time of sustaining the injuries. Many cases have been before us in which the employee suffering permanent partial disability has returned to his employment within a shorter time. In fact the testimony taken upon the hearing before the State Industrial Commission and the conclusions of fact of the Commission would seem to indicate that the claimant might have resumed his employment at an earlier date had it not been for the lacerations of his thumb and index finger.

Any wages which an employee might earn following his recovery from injuries constituting permanent partial disability being his notwithstanding at the time he may be receiving compensation for such disability, it would seem but just

that if then prevented by reason of injuries constituting temporary total disability from resuming his employment, he should be compensated for such latter disability.    I do not think he is entitled to receive any compensation on account of the temporary disability while being disabled from working by reason of the permanent disabilities, and being compensated therefor. While the construction which we have thus placed upon the Workmen's Compensation Law as to the matter involved may seem somewhat liberal, its fairness must be conceded, and we believe it is warranted by the intent of the Legislature.

The Massachusetts act provides (§ 11) that in case of the loss of a finger the employee shall be paid certain specified compensation for a definite period which shall be paid in addition to all other compensation.    The New Jersey act provides (¶ 14a) for the payment of compensation during temporary disability, and following that, compensation consecutively for each permanent injury.    That act fixes the period of compensation for the loss of a second finger at thirty weeks.

Just what rule the State Industrial Commission adopted in awarding compensation in the case at bar is not entirely clear. The Commission had the claimant before it, and doubtless had full knowledge as to the exact nature of the claimant's work and as to the disabling effect of the various injuries.    The determination of the period of disability was one of fact, and the decision of that question by the Commission is final.    I think we may assume the Commission decided that the injuries by the lacerations of the thumb and index finger, constituting temporary total disability, disabled the claimant from resuming employment for the period of eight weeks after he might have resumed it had the only injury been the loss of the finger.    This conclusion is the more satisfactory from the fact that the sum involved is inconsequential in comparison of an early determination of the main question involved which affects not only this case but seven other cases submitted herewith.

The appellants contend that the provision of section 15, to the effect that compensation for the specific injuries constituting permanent partial disability shall be in lieu of all other compensation, prevents awarding compensation on account of temporary total disability arising out of the same accident.

Plainly, the application of such clause is limited to such specific injuries. The appellants also contend that under the decision in *Matter of Fredenburg* v. *Empire United Railways, Inc.* (168 App. Div. 618), the award for eight weeks' concurring disability was erroneous. The awards in the case at bar were made to take effect consecutively, the moneys theretofore paid being applied so far as necessary to the payment of the eight weeks' compensation. The question whether the award for eight weeks should take precedence of that for thirty weeks has not been presented upon this appeal and would seem to be wholly immaterial. The question at issue in this case as to whether an award could be made for temporary total disability in the event of the claimant being able to resume employment within the period of the award for permanent partial disability did not arise in the *Fredenburg* case, nor was the possibility of his resuming employment suggested. The nature of his injuries to both hands and both feet from a current of electricity were so serious that following the decision of the appeal, an award was made for permanent total disability. That case is applicable to the facts of this case only to the extent of holding that concurring awards cannot be made.

We conclude that the awards should be affirmed.

Award unanimously affirmed.