## BALTIMORE & PHILA. STEAMBOAT CO. ET AL. *v.* NORTON, DEPUTY COMMISSIONER, ET AL.

No. 185.   Argued December 11, 1931.—Decided January 11, 1932.

Messrs. *Ira A. Campbell* and *Edwin A. Swingle,* with whom Messrs. *Cletus Keating, Vernon S. Jones,* and *Raymond Parmer* were on the brief, for petitioners.

Solicitor General *Thacher* and Messrs. *Claude R. Branch, J. Frank Staley, C. M. Hester,* and *Wm. H. Riley, Jr.,* filed a memorandum on behalf of respondent Norton, disclaiming any interest in the case on the part of the Government.

MR. JUSTICE BUTLER delivered the opinion of the Court.

This is a suit in equity brought by petitioners in the District Court for the Eastern District of Pennsylvania to set aside as not in accordance with law an order of the deputy commissioner awarding compensation to Gube under the Longshoremen's and Harbor Workers' Act of March 4, 1927, 44 Stat. 1427, 33 U. S. C., § 900 *et seq.* The District Court dismissed the cause, 40 F. (2d) 530, and the Circuit Court of Appeals affirmed. 48 F. (2d) 57.

February 17, 1928, Gube, while engaged in work for the steamboat company as a longshoreman upon a vessel in the navigable waters of the United States, suffered an injury to his left arm. He filed with the deputy commissioner a claim against the employer and insurer for compensation in accordance with the Act. The deputy commissioner found that claimant's average weekly wage amounted to $36.06; that as a result of the injury he suffered total disability for 34 weeks following and permanent partial impairment, amounting to 40 per cent. of the use of his arm, and awarded compensation at the weekly rate of $24.04 for 146 weeks, amounting in all to $3,509.84.

Petitioners maintain that the award should be the full rate for 40 per cent. of 314, being 125.6 weeks, and that the amount allowed below is excessive by 20.4 weeks or $490.42. We are called on to determine, on the basis of the facts found, what amount the Act requires the employer to pay claimant. No other question is presented.

The pertinent provisions follow:

" Sec. 8. Compensation for disability shall be paid to the employee as follows: . . .

"(a) In case of total disability adjudged to be permanent 66⅔ per centum of the average weekly wages shall be paid to the employee during the continuance of such total disability. . . .

"(b) In case of disability total in character but temporary in quality 66⅔ per centum of the average weekly wages shall be paid to the employee during the continuance thereof.

"(c) In case of disability partial in character but permanent in quality the compensation shall be 66⅔ per centum of the average weekly wages, and shall be paid to the employee as follows:

"(1) Arm lost, three hundred and twelve weeks' compensation. . . .

"(18) Compensation for permanent total loss of use of a member shall be the same as for loss of the member.

"(19) Compensation for permanent partial loss or loss of use of a member may be for proportionate loss or loss of use of the member. . . .

"(22) In case of temporary total disability and permanent partial disability, both resulting from the same injury, if the temporary total disability continues for a longer period than the number of weeks set forth in the following schedule, the period of temporary total disability in excess of such number of weeks shall be added to the compensation period provided in subdivision (c) of this section: Arm, thirty-two weeks; . . .

" In any case resulting in loss or partial loss of use of arm . . . where the temporary total disability does not extend beyond the periods above mentioned for such injury, compensation shall be limited to the schedule contained in subdivision (c). . . ."

The award is based on a construction of the section in substance as follows: Subdivision (b) allows compensation for temporary total disability during its continuance at the rate of two-thirds of the average weekly wage. Subdivision (c) allows for permanent partial loss of use of an arm compensation for 314 weeks at a rate that is the same proportion of two-thirds of the weekly wage as such partial disability is of the total use. (1), (18), (19), (22). Temporary total disability and permanent partial disability resulted from the same injury. The former continued 34 weeks, being two weeks in excess of the healing period allowed by c (22). The computation was: $36.06 \times 2/3 = $24.04 \times 34 = $817.36$ for temporary total disability of claimant. $312 + 2 = 314 - 34 = 280 \times $24.04 \times .40 = $2,692.48$ for permanent partial disability of his arm.

The allowance for temporary total disability was for its duration, 34 weeks. That is not authorized. The period of allowance is definitely limited to 32 weeks, and the statute expressly authorizes enlargement of the specified compensation period, 312 weeks, by the excess of actual temporary total disability over the time limited for healing, and so here the added two weeks take the proportionate rate. (c) (1) (22).

The deputy commissioner did not apply the proportionate rate, $9.616, to the 280 weeks remaining but added to the 34 weeks 40 per cent. of 280 (being 112) and applied the full rate for 146 weeks. The total of the payments is the same in either case. The computation employed shortens the statutory period and correspondingly increases the weekly payments. Petitioners raise no question as to that feature of the award, and therefore

we need not consider whether it is consonant with the Act.

In support of their computation, petitioners call attention to the second paragraph of (c) (22), that in any case resulting in the loss or partial loss of the use of an arm, or other specified member, where the temporary total disability does not extend beyond the periods for which payments are required, compensation shall be limited to the schedule, (1) to (13), contained in subdivision (c). And they contend that if claimant had not been totally disabled for more than 32 weeks he would not have been entitled to any allowance at the full rate on account of the temporary total disability but only to the proportionate rate for the entire period, or, according to the method of computation adopted, the full rate for the proportionate number of weeks. And they argue that it is inconsistent to hold that, merely because total disability continued two weeks in excess of the prescribed healing period, claimant was entitled to an allowance at the full rate for the period of total disability.

Petitioners' construction would produce incongruous results in many cases. Indeed a decision cited by them, *Texas Employers' Ins. Assn.* v. *Sheppeard,* 32 F. (2d) 300, concretely illustrates such a result. On that basis, whenever the temporary total disability of an arm continued during the full time allowed for healing and the subsequent permanent partial loss of its use was not more than ten per cent., the injured employee would receive less than if he had suffered only the temporary total disability. Thus petitioners' construction would deny any allowance for the permanent injury. If in this case claimant's permanent partial loss of use of his arm had not been more than ten per cent., petitioners' calculation would give him compensation for only 31.4 weeks whereas without any permanent disability he would be paid for 32 weeks. Similar inconsistencies would arise where an injury of any

member listed in the schedule contained in subdivision (c) resulted in temporary total disability followed by relatively small permanent partial loss of its use. It may not reasonably be assumed that Congress intended to require payment of more compensation for a lesser disability than for a greater one including the lesser. Nothing less than compelling language would justify such a construction of the Act.

Petitioners also cite *Marhoffer* v. *Marhoffer*, 220 N. Y. 543; 116 N. E. 379, reversing 175 App. Div. 52; 161 N. Y. S. 527. That case arose under the state workmen's compensation law. Claimant suffered an injury to his hand including lacerations of his thumb and index and loss of the middle finger. The statute limited the temporary total to 12 and the permanent partial disability allowance to 30 weeks. It required the payment of the full rate of two-thirds of the weekly wage on account of the total disability and the same rate during the compensation period established for the loss of a finger. The commission found total disability continued ten weeks and, as the statute provided excluded the first two and allowed the full rate for eight weeks; it also allowed the full rate for the permanent partial disability for 30 weeks, to commence at the expiration of the eight weeks period, and so the full rate was allowed for 38 weeks. The appellate division sustained the award but that judgment was reversed. The Court of Appeals held it error to make consecutive allowances, first for the temporary total disability and second on account of the loss of the finger for the full period, and directed that the claim for the first be dismissed. Obviously the loss of the finger together with the other lacerations caused temporary total disability. That period was attributable to the injury as a whole and not exclusively to the lacerations. And while the total disability continued it necessarily included the impairment of use that was permanently to remain. That case is not

in point. There the controversy concerned the period for which payments were required to be made. Here the question is not whether the healing period shall be added to that allowed on account of partial permanent disability, but it is whether the full rate shall be allowed for the period of total disability up to the specified limit of 32 weeks.

The measure before us, like recent similar legislation in many States, requires employers to make payments for the relief of employees and their dependents who sustain loss as a result of personal injuries and deaths occurring in the course of their work, whether with or without fault attributable to employers. Such laws operate to relieve persons suffering such misfortunes of a part of the burden and to distribute it to the industries and mediately to those served by them. They are deemed to be in the public interest and should be construed liberally in furtherance of the purpose for which they were enacted and, if possible, so as to avoid incongruous or harsh results. *Jamison* v. *Encarnacion,* 281 U. S. 635, 640.

Section 8 establishes the rule that the full rate shall apply during continuance of total disability whether permanent or temporary, (a) and (b), and during the specified compensation period for partial permanent disability due to loss of a listed member, (c) (1) to (13) inclusive, and it specifically provides: " Compensation for permanent partial loss or loss of use of a member may be for proportionate loss or loss of use of the member." The provisions of (c) (22) have no bearing on the question whether the full rate or a proportionate one shall be allowed. They relate to the periods during which payments are to be made when temporary total disability and permanent partial disability result from the same injury, and establish the rule that, if temporary total disability continues for more than the prescribed healing period, the excess shall be added to the total compensation period

specified in the schedule in subdivision (c), and that if actual duration of the temporary total disability does not exceed such healing time then the applicable period specified in such schedule shall not be increased.

It is clear, when the related parts of § 8 are considered together, that Congress intended to distinguish between temporary total disability (b), permanent partial disability due to the total loss of the use of a member (c) (1), and permanent partial disability due to the partial loss of such use (c) (18) (19), and that its purpose was to require payments on account of the loss of earning capacity resulting from each. The language of (22) on which petitioners rely, when taken in context and construed in harmony with the purpose of the Act, means that the full rate shall be allowed for the duration of the healing time and that the proportionate rate shall apply to the balance of the established compensation period.

The decree will be modified so as to allow the full rate of $24.04 for only 32 weeks and proportionate compensation of 40 per cent. for 282 weeks.

*Modified and affirmed as modified.*