SOUTHERN STEVEDORING & CONTRACT-
ING CO. v. SHEPPEARD.

No. 240.

District Court, S. D. Texas, Houston Division.

Nov. 9, 1932.

Royston & Rayzor, of Houston, Tex., for libelant.

H. M. Holden, U. S. Atty., Douglas W. McGregor, Asst. U. S. Atty., and Edgar Soule, all of Houston, Tex., for respondent.

KENNERLY, District Judge.

This is a suit under the Longshoremen's and Harbor Workers' Compensation Act (title 33, c. 18, §§ 901–950, USCA), by libelant, the employer of one W. D. Moore, against G. Sheppeard, a deputy commissioner under said act, complaining of alleged errors of law by such deputy commissioner, in an award made by him in favor of said Moore et al.

The facts necessary to be stated, and which are undisputed, are that Moore's foot and/or leg were injured while in the employ of libelant, and while in the performance of his duties as a longshoreman, etc. After due hearing, the deputy commissioner found that Moore suffered an injury which resulted in temporary total disability for 42 weeks, and permanent partial disability equivalent to 10 per cent. of such disability as he would have sustained if he had lost the total use of his left foot. That, at the date of the injury, Moore was earning an average weekly wage of $30 per week, 66⅔ per cent. of which amounted to $20 per week.

1. The deputy commissioner allowed Moore on account of 42 weeks temporary total disability, the sum of $840, or 42 weeks at $20 per week. This is clearly error. Since temporary total disability and permanent partial disability both resulted from the same injury, the allowance for the former may not exceed 32 weeks at $20 per week. See subdivision (c) (22), section 908, title 33, USCA, and Baltimore & Philadelphia Steamboat Company et al. v. Norton et al., 284 U. S. 408, 52 S. Ct. 187, 188, 76 L. Ed. 366.

2. The deputy commissioner then allows a permanent partial disability compensation period of 17.3 weeks at the rate of $20 per week, or $346. This is also error. For the permanent partial disability of the loss of a foot, or the loss of the use of a foot, the compensation period is 205 weeks. See subdivision (c) (4), section 908, title 33, USCA. There is then to be added to this the 10 weeks of temporary total disability in excess of the 32 weeks allowed (see subdivision (c) (22), section 908, title 33, USCA), making 215 weeks. From this must be deducted the 32 weeks of temporary total disability, leaving 183 weeks. But the deputy commissioner only found a permanent partial disability equivalent to 10 per cent. of the loss of use of a foot, so the period of compensation is 10 per cent. of 183 weeks, or 18.3 weeks, and the rate of compensation $20 per week, producing $366.

Libelant does not dispute the amount, but its complaint is that the deputy commissioner should have allowed, and this court should now allow, 183 weeks at $2 per week, instead of 18.3 weeks at $20 per week. The result ($366) is the same in both instances. The difference is that, under libelant's contention, it may pay the $366 over a period of 183 weeks, instead of over a period of 18.3 weeks. But libelant's contention in this respect is not sustained by the wording of section 908. In reaching the amount to be paid to employees under section 908, there are two features considered: One, the weekly rate; the other, the compensation period. Throughout the section, the weekly rate is fixed at 66⅔ per cent. of the average weekly wages; in this case, $20. The compensation period is determined by the extent of the injury. For instance, for an arm loss, the compensation period is fixed at 312 weeks. Subdivision 1, section 908. For a foot loss, it is fixed at 205 weeks. Subdivision (c) (4), section 908. Under subdivision (c) (19), it is said that compensation for permanent partial loss, or loss of use, of a member may be for the proportionate loss, or loss of use, thereof. This means that, if the use of a foot is lost, the compensation period is 205 weeks. If, as in this case, there is an injury to the foot equivalent to 10 per cent. of the disability employee would have sustained if he had had the loss of a foot, or the loss of the use of a foot, the compensation period is 10 per cent. of the total loss period. Hence, as stated, the compensation period is fixed by adding to 205 weeks, the 10 weeks of temporary total disability, producing 215 weeks, deducting 32 weeks, leaving 183 weeks, and taking 10 per cent. of what is left, which produces the compensation period of 18.3 weeks, which, at $20 per week, the weekly rate, is $366.

This question was considered in Baltimore & Philadelphia Steamboat Company v. Norton, supra, and, while there are some expressions therein apparently contrary to this view, it will be observed that the court says: "The deputy commissioner did not apply the proportionate rate, $9.616, to the 280 weeks remaining, but added to the 34 weeks 40 per cent. of 280 (being 112) and applied the full rate for 146 weeks. The total of the payments is the same in either case. The computation employed shortens the statutory period and correspondingly increases the weekly payments. Petitioners raise no question as to that feature of the award, and therefore we need not consider whether it is consonant with the act."

Again, the purpose of the act throughout seems to be to pay to employees a substantial portion (in most instances 66⅔ of their weekly wage during disability. The obvious purpose is to give to the employee a sum reasonably sufficient to sustain him during such period. To give the act the construction that libelant contends for (i. e., $2 per week for 183 weeks, instead of $20 per week for 18.3 weeks) would be contrary to this obvious purpose.

The ruling of the deputy commissioner, in so far as it was in conflict with the views herein expressed, will be reversed. Let appropriate decree be prepared.