MERRITT–CHAPMAN & SCOTT CORPORATION et al. v. BASSETT, Deputy Com'r, et al.

No. 287.

District Court, W. D. Michigan, N. D.
April 8, 1943.

Eldredge & Eldredge, of Marquette, Mich., for libellants.

Joseph F. Deeb, U. S. Atty., of Grand Rapids, Mich., for respondent Bassett.

L. E. Garvin, of Marquette, Mich., for respondent Yarabeck.

RAYMOND, District Judge.

The accompanying findings of fact and conclusions of law disclose the nature of the issues and the fact situation from which they arise.

Discussion of the many conflicting authorities cited in the voluminous briefs of counsel could have no value in lessening confusion, uncertainties and complexities which have existed for many years in application of seemingly pertinent decisions to the fact situations of cases as they arise.

See Michigan Law Review, Vol. 30, No. 8, page 1312; United States Law Review, Vol. LXVI, No. 11, page 593; 25 A.L.R. 1029; State v. W. C. Dawson & Co., 122 Wash. 572, 211 P. 724, 212 P. 1059, 31 A.L.R. 518. It is sufficient to say that careful examination of the record made before the Deputy Commissioner, and of that made at the hearing in this court, is convincing that the employee in this case was, at the time of the accident, in a "twilight zone" as clearly as was the employee in the case of Davis v. Department of Labor, 317 U.S. 249, 63 S.Ct. 225, 87 L.Ed. ——. The principle announced by the majority of the court in that case to the effect that great and presumptive weight must be given to the conclusions of the appropriate federal authorities, is controlling here. In that case it was said (page 256 of 317 U.S., page 229 of 63 S.Ct., 87 L.Ed. ——): " * * * Where there has been a hearing by the federal administrative agency entrusted with broad powers of investigation, fact finding, determination, and award, our task proves easy. There we are aided by the provision of the federal act, 33 U.S.C. § 920, 33 U.S.C.A. § 920, which provides that in proceedings under that act, jurisdiction is to be 'presumed, in the absence of substantial evidence to the contrary.' Fact findings of the agency, where supported by the evidence, are made final. Their conclusion that a case falls within the federal jurisdiction is therefore entitled to great weight and will be rejected only in cases of apparent error. * * *"

In the present case, the court finds no substantial evidence, either upon the record made before the Deputy Commissioner or upon that made in this court, which justifies a finding of "apparent error". On the contrary, the court finds that the record in both instances sustains the jurisdictional fact findings of the Deputy Commissioner. The only exception to the foregoing statement is his finding concerning the distance off shore of the lighthouse foundation, which the Deputy Commissioner found was two miles, but which, by the preponderance of evidence before this court was a distance of approximately 2,800 feet. This difference, in the view of the court, is wholly immaterial.

The attempt by libellants to distinguish between a lighthouse and the foundation thereof is too tenuous to be accorded weight in view of the statutory presumptions and the liberal construction to which the Act is entitled. See Baltimore & Philadelphia Steamboat Co. v. Norton, 284 U.S. 408, 52 S.Ct. 187, 76 L.Ed. 366.

An order will be entered dismissing the libel with costs to respondents.

## Findings of Fact.

1. This suit is brought under Section 21 of the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq. to review, enjoin, and set aside as contrary to law a compensation award and amended award made by respondent Harry W. Bassett as Deputy Commissioner for the Tenth District of the United States Employees' Compensation Commission in favor of respondent Steve Yarabeck, and against the libellants, based on an accidental injury received by Yarabeck on August 28, 1939, while he was in the employ of libellant, Merritt-Chapman & Scott Corporation, which company was insured by The Travelers Insurance Company, the other libellant.

2. The existence of the relationship of employer and employee at the time of the injury, and the fact that the employee at the time of the injury was performing services growing out of and incidental to his employment, is not disputed.

3. Trial by jury was waived by written stipulation.

4. The accident on which the awards of the Deputy Commissioner were based occurred within the County of Marquette, Michigan, and within the Western Judicial District of Michigan, as established by Act of Congress.

5. The accident occurred within the Tenth Compensation District, established under the provisions of the Longshoremen's and Harbor Workers' Compensation Act.

6. Steve Yarabeck filed a claim for compensation against Merritt-Chapman & Scott Corporation, employer, and The Travelers Insurance Company, insurance carrier, under the Longshoremen's and Harbor Workers' Compensation Act.

7. The respondent, Harry W. Bassett, Deputy Commissioner, United States Employees' Compensation Commission, held a hearing on said claim and, based upon evidence adduced at said hearing, said Deputy Commissioner filed a compensation order on September 3, 1941, awarding compensation to said employee, Steve Yarabeck, and on September 10, 1941, said Deputy Commissioner filed an amended compensation

490

order correcting a clerical error in the original order.

8. Among other things, said Deputy Commissioner found the following facts relating to the employment and injury of said Steve Yarabeck:

"* * * that on said day the claimant herein, while employed as a carpenter in the construction of a light house, two miles off shore in Lake Superior, a part of the navigable waters of the United States, at which point the bed of the lake was the property of the United States Government, was injured while using a two man cross cut saw cutting out twelve inch by twelve inch timbers which had been a part of the forms for the concrete foundation, when the saw was pinched by the timber and he gave it a hard yank to pull it loose, and severely wrenched his lower back.

"That at said time the light house was not in any wise connected with the shore, and the employees had to be taken out to their work by boat; that said light house was being built by the employers under contract with the United States Government, as an aid to the navigation of vessels including those going to and from the ore docks at Presque Isle Harbor, Marquette, Michigan, and engaged in interstate commerce; that its construction was a maritime enterprise; that claimant was then performing a maritime service on the navigable waters of the United States, and both employer and employee were subject to the provisions of the Longshoremen's and Harbor Workers' Compensation Act."

9. Libellants requested and were granted a trial de novo on new evidence taken before the court of all jurisdictional facts, excepting those relating to the existence of the relationship of employer and employee, which is not questioned.

10. At the time of the accident, respondent Yarabeck was engaged in removing the wooden forms, which had been used in pouring concrete, from the concrete foundation which had been constructed about 2,800 feet off shore in Lake Superior, and upon which a lighthouse was thereafter to be erected.

11. The concrete foundation upon which Yarabeck was standing at the time of the injury was about twenty feet square and sixteen feet high, and was near the end of a breakwater extension which was under construction at the same time.

12. At the time of the accident, the lighthouse foundation was entirely surrounded by water. The workmen employed thereon had to go to it and leave it by boat. It was in no way connected with the land or with the breakwater extension.

13. The foundation upon which the accident occurred was resting upon and permanently attached to the bottom of Lake Superior.

14. The purpose of erecting a lighthouse was for the safety of vessels approaching the harbor at Presque Isle from Lake Superior and its sole purpose was in aid of navigation.

15. The purpose of the breakwater was to provide a safe harbor for vessels approaching the ore docks at Presque Isle from Lake Superior.

16. At the time of the accident to respondent Yarabeck on which the awards of the Deputy Commissioner were based, no contract had been entered into for the erection of the lighthouse on the structure on which said accident occurred.

17. The findings of fact of the Deputy Commissioner in the orders awarding compensation are supported in all material respects by the testimony taken before the Deputy Commissioner as well as by the testimony taken before this court.

Conclusions of Law.

1. At the time of the accident, said employee was engaged in maritime employment upon the navigable waters of the United States within the meaning of Section 2 (4) of the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 902(4).

■ 2. Respondent Yarabeck's claim for compensation is within the exclusive admiralty and maritime jurisdiction, and the Workmen's Compensation Law of the State of Michigan is not applicable thereto.

■ 3. The libellants are not entitled to a trial de novo.

4. The libel should be and the same is hereby dismissed, with costs to the respondents.