CASE et al. v. PILLSBURY, Deputy Com'r of U. S. Employees' Compensation Commission et al.

No. 23795-G.

District Court, N. D. California, S. D.

Sept. 21, 1943.

R. P. Wisecarver, of San Francisco, Cal., for libelants.

Frank J. Hennessy, U.S. Atty. of San Francisco, Cal., for respondent.

GOODMAN, District Judge.

This is a libel for review of a compensation order and for injunction suspending and setting aside an award under Longshoremen's and Harbor Workers' Compensation Act, 44 Stat. 1424, 33 U.S.C.A. § 901 et seq. and involves construction of the compensation provisions of the Act. (33 U.S.C.A. § 908).

Respondent Young lost the sight of his right eye because of the entry of a foreign body therein while employed on board ship. Respondent Pillsbury, Deputy Commissioner of the United States Employees' Compensation Commission, awarded compensation for permanent partial disability, resulting from loss of sight of Respondent Young's right eye, under subdivision (c) (5) of Section 908, 33 U.S.C.A. In addition he awarded the sum of $750, for serious facial disfigurement, under subdivision (c) (20) of Section 908.

Upon the issue of facial disfigurement, the Deputy Commissioner found: "That by reason of said injury claimant has sustained, in addition to said loss of sight, serious facial and head disfigurement consisting in a large white spot across the pupil of the eye resembling a cataract and some narrowing of the aperture between the upper and lower eyelids of said eye."

Respondent Young's employer and its insurance carrier, as libelants, join in the prayer that the Deputy Commissioner's award of $750, under subdivision (c) (20) of Section 908 be set aside upon the ground that the award constitutes a double recovery, inasmuch as for the same injury and loss of the sight of the eye, respondent Young was awarded both disability and disfigurement damages.

Subdivision (c) (20) of Section 908 provides: "Disfigurement: The deputy commissioner shall award proper and equitable compensation for serious facial and head disfigurement, not to exceed $3,500."

It is contended by libelants that the intent of subdivision (c) (20) Section 908 is to provide compensation in the case of head or facial disfigurement only when there is no compensation allowed for injury to the same member of the head; that here the disability compensation allowed for the loss of the use of the eye ball includes any damage to the eye ball itself and excludes any other award for it.

The sufficiency of the evidence to sustain the award under subdivision (c) (20) of Section 908 is not questioned; therefore, the finding that respondent Young did suffer severe facial or head disfigurement is final and conclusive and not subject to review in this court. South Chicago Coal & Dock Co. v. Bassett, Deputy Commissioner, 309 U.S. 251, at page 258, 60 S.Ct. 544, 84 L.Ed. 732; Luckenbach S. S. Co. v. Norton, Deputy Commissioner, 3 Cir., 96 F.2d 764.

Both sides agree that the sole question is as to the scope of Section 908 Subdivision (c) (20) of the Act. It is claimed that there is no reported decision of the Federal Courts in point.

The Longshoremen's and Harbor Workers' Compensation Act was modeled after the New York law. The deputy Commissioner has cited several New York State lower court decisions wherein compensation for facial disfigurement was allowed concurrently with disability compensation for loss of use of the same member of the head. Some weight may be given to the New York decisions because of the recognized rule of construction that the adoption of a statute of another jurisdiction carries with it the construction placed upon it prior to its adoption. In Marshall, Deputy Commissioner, v. Andrew Mahony Co., 9 Cir., 56 F.2d 74, 77, the Court, after referring to the fact that the Longshoremen's and Harbor Workers' Compensation Act was adopted from the Workmen's Compensation Law of New York, Consol. Laws New York, c. 67, stated "that in so adopting the act the Congress intended to adopt the construction theretofore placed upon it by the courts of the state of its enactment."

To the same effect, Luckenbach S. S. Co. v. Marshall, D.C., 49 F.2d 625; Bethlehem Ship-Building Corporation v. Monahan, 1 Cir., 54 F.2d 349.

 More persuasive, however, is the argument that sound and logical interpretation of the statute itself supports the Deputy Commissioner's decision. Subdivision (c) (20) of Section 908 is one of a series of enumerated classifications within section 908(c), wherein compensation for partial disabilities is to be awarded. Each of the enumerated partial disabilities, e. g., loss of arm, loss of leg, loss of hand, loss of eye, etc., cannot reasonably be considered as exclusive of any other, since an employee might lose the use of an arm and of a leg and still receive compensation severally for each disability. Section 908(c) (22) specifically so provides. Further, the same subdivision allows such awards to run consecutively where permanent partial disability results from the loss of use of separate members of the body.

In order to determine the real intent and purpose of the Congress, the whole section must be considered. As was said in Marshall v. Andrew Mahony Co., supra: "To arrive at its proper meaning and application, Section 10 (the section there in question) must be taken in its entirety and its true meaning be ascertained by giving due weight and consideration to all parts of the section in the light of the general aims and objects of the statute taken as a whole." (Comment in parenthesis supplied.)

The framers of the statute obviously considered facial disfigurement as an element of damage separate and apart from disability resulting from the various classified types of injuries. In my opinion, it was not intended that an employee should be denied an award for disfigurement merely because his disability and disfigurement, by happenstance, are concurrent. Otherwise the inconsistent result might be reached whereby an employee would receive compensation for the loss of an eye and damages for the disfigurement of an ear, but nothing for disfigurement if the two misfortunes occurred in the same member of the head. Clearly, it was intended to allow compensation for the handicaps caused by personal unsightliness, separately and in addition to the disability causing loss of use of a member of the body or head.

The Longshoremen's and Harbor Workers' Compensation Act is a remedial statute and hence must be liberally construed. Baltimore & Philadelphia S. S. Co. v. Norton, 284 U.S. 408, 52 S.Ct. 187, 76 L.Ed. 366; De Wald v. Baltimore & Ohio R. Co., 4 Cir., 71 F.2d 810; Travelers Ins. Co. v. Branham, 4 Cir., 136 F.2d 873.

The exceptions to the libel are sustained and the libel is dismissed.