J. Stephen Knight, District Enforcement Attorney, and Arnold M. Sweig, Enforcement Attorney Division of Rents and Services, Office of Price Administration, both of Hartford, Conn., for plaintiff.

Jay E. Rubinow, of Manchester, Conn., for defendant.

SMITH, District Judge.

For the reasons stated in the Memorandum of Decision filed in Bowles v. West-

## MARINE CO. et al. v. MONAHAN, Deputy Com'r, et al.

### No. 1098.

District Court, D. Massachusetts.

May 25, 1945.

Hannon & Tracy, of Boston, Mass., for libellant.

Frank D. McCarthy, Edmund J. Brandon, U. S. Atty., and Gerald J. McCarthy, Asst. U. S. Atty., all of Boston, Mass., for respondents.

SWEENEY, District Judge.

This libel seeks to set aside, as illegal and void, a compensation order made by the Deputy Commissioner for the First Compensation District for the benefit of the survivors of one Gerald P. Doyle who, the Deputy Commissioner found, was accidentally drowned in the course of his employment. The record before me includes everything that was before the Deputy Commissioner, with a transcript of all of the testimony. The Government has filed a motion to dismiss the libel and, having heard full argument from counsel for both sides, I will allow the respondent's motion to dismiss.

There was evidence before the Deputy Commissioner that the deceased worked for his employer on the afternoon of May 13, 1944. The Deputy Commissioner found that the deceased on that day "fell from said steamship into the water and was drowned." His body was not discovered until some two weeks later.

■ It has long been established that the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq., should be liberally construed in favor of the injured employee or his dependent family. Baltimore & Philadelphia Steamboat Co. et al. v. Norton, Deputy Commissioner et al., 284 U.S. 408, 52 S.Ct. 187, 76 L.Ed. 366.

■ It is equally well established that the findings of fact by the Deputy Commissioner, which are supported by evidence, should be regarded as final and conclusive and not subject to judicial review. Crowell, Deputy Commissioner, v. Benson, 285 U.S. 22, 52 S.Ct. 285, 76 L.Ed. 598.

■ There were no eyewitnesses to the drowning of this deceased and it is probably because of this that the insurer seeks this review. I am satisfied that the finding made by the Deputy Commissioner, to the effect that this man's death arose out of and in the course of his employment, was supported by sufficient evidence to make it a final finding of fact. I do not intend to state that I would have necessarily reached the same conclusion that the Deputy Commissioner reached on the same evidence; nevertheless, I cannot say that the Deputy Commissioner's finding was not adequately supported by the evidence before him or that there was insufficient evidence from which he could have made his finding.

Accordingly, his finding stands as final and the Government's motion to dismiss is allowed.