**FOLLETT v. VORIS et al.**

No. 14263.

United States Court of Appeals
Fifth Circuit.

June 26, 1953.

Arthur J. Mandell, Houston, Tex., Mandell & Wright, Houston, Tex., for appellant.

E. D. Vickery, John R. Brown, Houston, Tex., Herbert P. Miller, Attorney, Department of Justice, Washington, D. C., Brian S. Odem, U. S. Atty., W. G. Winters, Jr., C. B. Smith, Assts. U. S. Atty., Houston, Tex., Royston & Rayzor, Houston, Tex., Ward E. Boote, Asst. Sol. of Labor, Washington, D. C., of counsel, for appellees.

Before HUTCHESON, Chief Judge, and RUSSELL and STRUM, Circuit Judges.

HUTCHESON, Chief Judge.

This appeal from a judgment sustaining an award for a 15 percent loss of the use of appellant's hand, presents for determination a single question of law. This question is the correct method of calculating and computing the amount of compensation due under the applicable statutory provisions, 33 U.S.C.A. §§ 906(b),[1] 908(c)(3),[2] and 908(c)(19).[3]

Appellant contended below and contends here for an allowance of $2183.60. The Commissioner allowed $1113.00. In his brief,[4] complaining of the Commissioner's action, appellant insists that the method employed by the Commissioner does complete violence to the statutory scheme.

Appellees, the Commissioner and the Texas Employers Insurance Association, on their part, urge upon us that the method of computation the Commissioner used is the only permissible one under the statute, is indeed the one the statute requires.

Arguing that if an employee, whose hand is totally disabled, is entitled to 212 weeks compensation at $35.00 a week, certainly one whose hand is disabled 15 percent ought to receive no more and no less than 15 percent of that sum, they point out that if appellant had lost his hand, his award would have been $35.00 for 212 weeks, or $7420.00. They insist, therefore, that, having suffered a 15 percent loss of use, his recovery should, of course, be 15 percent of that sum, or $1113.00, as determined by the Commissioner, and not nearly 30 percent thereof, or $2183.60, as the appellant contends. We agree.

Whether one takes 15 percent of 212 weeks, 38.1, as the Commissioner did, and multiplies by $35.00, the maximum weekly wage, or 15 percent of $35.00 and multiplies.

---

1. This section provides that compensation for disability shall not exceed $35.00 per week.

2. As applicable here, this section provides: "§ 908. Compensation for disability. * * * (c) Permanent partial disability: In case of disability partial in character but permanent in quality the compensation shall be 66 2/3 per centum of the average weekly wages * * * and shall be paid to the employee, as follows: * * * (3) Hand loss, two hundred and twelve weeks' compensation."

3. This section provides: "(19) Partial loss or partial loss of use: Compensation for permanent partial loss or loss of use of a member may be for proportionate loss or loss of use of the member."

4. "The Deputy Commissioner instead of awarding Appellant 15% (the stipulated amount of loss of use of hand) of 66 2/3, of his stipulated average weekly wages of $103.00 [908(c)] for 212 weeks, 908 (3) as follows: $103 × 2/3 = $68.66 × 15% = $10.30 × 212 = $2183.60; computed the award by reducing the total number of weeks allowed by statute to 15% thereof i. e. 31.8 weeks at the maximum rate of $35.00 per week as follows:
212 weeks × 15%=31.8×$35.00=$1,113.00;
The District Court sustained the Deputy Commissioner's computation hence this appeal."

by 212 weeks, or, taking the amount due for the loss of a hand, takes 15 percent of it so as to give the proportionate recovery for partial loss which the statute requires, one comes up with the same figure, the $1113.00 the Commissioner allowed, a figure which accords with the statutory scheme.

The method proposed by the appellant, on the other hand, does violence at every turn to that scheme. In the first place, it completely disregards the $35.00 fixed as the maximum weekly compensation rate to substitute for it the forbidden rate of $68.66 arrived at by taking 15 percent of the average weekly wages, $103.00. In the second place, contrary to the express provisions of Sec. 908(c)(19), instead of allowing claimant for his partial loss an amount *proportionate* to the amount due him for the loss of a hand it would allow him an amount nearly double that proportion.

If the question were new with us, we should have no difficulty in answering it as the Commissioner and the District Judge did. But it is not new. It has already been authoritatively answered in numerous decisions.[5]

Appellant's reliance upon the decision of the Supreme Court of Texas in Texas Employers Insurance Association v. Holmes, 145 Tex. 158, 196 S.W.2d 390, will not at all do. For putting to one side that the statute construed by the Texas Court was a Texas statute, Vernon's Ann.Civ. St.Tex. Art. 8306, § 12, and the Texas Court would be without authority to give controlling construction to the federal statute involved here, it is shown by their paralleling in the brief of appellee, Texas Employers Association, that the Texas statute and the federal statute, are upon the point in question here, quite different in purport and effect.

The judgment was right. It is affirmed.

5. Baltimore & Philadelphia S. S. Co. v. Norton, 284 U.S. 408, 52 S.Ct. 187, 76 L.Ed. 366; Phonville v. New York & Cuba S. S. Co., 226 N.Y. 622, 123 N.E. 258; Southern Stevedoring & Contracting Co. v. Sheppeard, D.C., 1 F.Supp. 867;

Spurgeon v. Iowa & Missouri Granite Works, 196 Iowa 1268, 194 N.W. 286; State ex rel. John Wunder Co. v. District Court of Hennepin County, 136 Minn. 147, 150, 161 N.W. 391, 392.