**PAGE COMMUNICATIONS ENGINEERS, INC.**

v.

**Philip G. ARRIEN, Deputy Commissioner and Margit U. Messick, widow of James R. Messick, Deceased.**

**Civ. A. No. 69–836.**

United States District Court, E. D. Pennsylvania.

May 1, 1970.

David L. Pennington, Philadelphia, Pa., for plaintiff.

Julius H. Tolson, Philadephia, Pa., for intervening plaintiff.

Louis C. Bechtle, U. S. Atty., Merna Marshall, Ass't. U. S. Atty., Philadelphia, Pa., for defendant.

## MEMORANDUM OPINION

WEINER, District Judge.

The plaintiff and defendant, under Rule 56, have moved for summary judgment. In order to place the motions in proper perspective it is necessary to review the relevant history of the case before reaching the questions presented.

Pursuant to the provisions of the Longshoremen's and Harbor Workers' Compensation Act of March 4, 1927, 44 Stat. 1424, as amended, 33 U.S.C. § 901 et seq. as made applicable to employment at certain overseas defense base areas by the Defense Base Act of August 16, 1941, 55 Stat. 622, as amended, 42 U.S.C. § 1651 et seq. the Deputy Commissioner, Bureau of Employees' Compensation, United States Department of Labor, awarded death benefits to the surviving widow and minor children of James R. Messick, deceased.

In our judicial review we are sharply limited. The findings of a Commissioner are to be accepted unless they are unsupported by substantial evidence on the record considered as a whole. O'Leary v. Brown-Pacific-Maxon, Inc., 340 U.S. 504, 71 S.Ct. 470, 95 L.Ed. 483 (1951), and if supported by evidence and not inconsistent with the law, the Deputy Commissioner's inference that an injury did or did not arise out of and in the course of employment is conclusive. Cardillo v. Liberty Mutual Insurance Co., 330 U.S. 469, 67 S.Ct. 801, 91 L.Ed. 1028 (1947). See: Lavino Shipping Co. v. Donovan, 267 F.2d 59 (3d Cir. 1959); Kwasizur v. Cardillo, 175 F.2d 235 (3d Cir. 1949) cert. denied, 338 U.S. 880, 70 S.Ct. 150, 94 L.Ed. 540 (1949).

The deputy commissioner's findings of fact were predicated upon oral stipulations of counsel, documentary evidence and the testimony of the widow claimant. From the commissioner's hearing and supporting documents, the following facts emerge: That on the 2nd day of June, 1963, the decedent, James R. Messick, was in the employ of Page Communication Engineers, Inc., a contractor with the United States at Qui Mhon, Republic of Viet Nam, in the Pacific Compensation District, established under the provisions of the Defense Bases Compensation Act, Public Law 208–77th Congress as amended. That on said day the decedent herein sustained personal injury resulting in his death by accidental electrocution in his hotel room at the Cam Vinh Hotel in Qui Mhon, Viet Nam. The incident that lead to death occurred on a Sunday in the hotel room of the deceased. The employer's report of the accident stated that death occurred in connection with the decedent's use of a tape recording machine. There is no evidence relating to whether or not the machine was being used for employment communication purposes.

It is agreed that there is no genuine issue of fact for determination by the Court.

The compensation order entered by the deputy commissioner and upon which the plaintiff launches its attack reads as follows: (a) that at the time of the accident the decedent was not performing direct services for the employer; (b) that the obligations and conditions of employment created a zone of special danger out of which the injury and death arose; and (c) that the accident and subsequent death of the decedent arose out of and in the course of his employment.

The crux of this case involves a very narrow issue, albeit an important one, confined to the evocative question of whether the findings of the deputy commissioner were unsupported by substantial evidence on the record considered as a whole. O'Leary v. Brown-Pacific-Maxon, Inc., supra.

The Act under consideration provides compensation for "Accidental injury or death arising out of and in the course of employment". 33 U.S.C. § 902 (2). The plaintiff contends that as the deceased was electrocuted on a Sunday in his hotel room, he was not in fact, on the

job at the time of his death.[1] We disagree. Initially, we point out that it is well settled that the Longshoremen's Act is to be liberally construed in favor of claimants and their dependents. Voris v. Eikel, 346 U.S. 328, 74 S.Ct. 88, 98 L.Ed. 5 (1953); Baltimore & Philadelphia Steamboat Co. v. Norton, 284 U.S. 408, 52 S.Ct. 187, 76 L.Ed. 366 (1932); O'Keeffe v. Atlantic Stevedoring Co., 354 F.2d 48 (5th Cir. 1965), and logical deductions and inferences which are drawn from the facts by the deputy commissioner from the evidence should be taken as established facts and are not judicially reviewable. O'Leary v. Brown-Pacific-Maxon, Inc., supra, Liberty Mutual Insurance Co. v. Gray, 137 F.2d 926 (9th Cir. 1943).

That accidental death occurred in a zone of special danger is apparent. That the deceased was at the place, where this unfortunate happening took place, because of his employment is obvious. That the claimant's contract required him to move from place to place is uncontested. It is our opinion that an employee's accidental death in a war zone area, while occupying necessary quarters, is sufficient to bring a claimant within the coverage provided by the Defense Base Act. In Amalgamated Ass'n of Street, Electric Railway & M.C. Emp. of America v. Adler, 119 U.S.App. D.C. 274, 340 F.2d 799 (1964) the Court realistically established this principle:

" * * * [T]o paraphrase what this court long since has said, if in the course of employment an employee suffers an injury by reason of a risk incidental to the location where the employment requires him to be, that injury arises out of employment".

This same principal should apply with added force where employees are working in a defense base coverage area, away from their homes.

It is our considered opinion that the record supports the deputy commissioner's findings.

## ORDER

The plaintiff's motion for summary judgment is Denied.

Judgment is Granted in favor of the defendant deputy commissioner.

The complaint is Dismissed with prejudice.

It is so ordered.

---

1. Page 5 of Plaintiff's brief.