602 F.2d 59
 Leo McCABE, Petitioner,
v.
SUN SHIPBUILDING AND DRY DOCK COMPANY.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAM, United
States Department of Labor, Petitioner,
v.
SUN SHIPBUILDING AND DRY DOCK COMPANY.
 Nos. 78-1087, 78-1119.
 United States Court of Appeals,
Third Circuit.
 Argued March 20, 1979.
Decided June 18, 1979.
As Amended Sept. 7, 1979.
 
 Joseph Lurie (argued), Galfand, Berger, Senesky, Lurie & March, Philadelphia, Pa., for petitioner Leo McCabe.
 Carin Ann Clauss, Sol. of Labor, Laurie M. Streeter, Associate Sol., Mary A. Sheehan (argued), U. S. Dept. of Labor, Washington, D. C., for petitioner Director, Office of Workers' Compensation Program.
 John T. Runzer, James T. Giles, Sally Akan (argued), Pepper, Hamilton & Scheetz, Philadelphia, Pa., for respondent.
 Before GIBBONS and HIGGINBOTHAM, Circuit Judges, and MARKEY, Chief Judge, United States Court of Customs and Patent Appeals.*
 OPINION OF THE COURT
 A. LEON HIGGINBOTHAM, Jr., Circuit Judge.
 
 I.
 
 1
 In February 1975 Leo McCabe applied to the United States Department of Labor for disability benefits under the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. §§ 901-950 (the Act). His former employer, Sun Shipbuilding and Dry Dock Company (Sun Shipbuilding) resisted an award of benefits asserting that McCabe did not have an injury that was the result of his employment with Sun Shipbuilding and therefore was not eligible for benefits. McCabe's claim was denied initially and he was unsuccessful in overturning the denial in an appeal before the Benefits Review Board of the Department of Labor (BRB). McCabe asks this court to reverse the decision of the BRB and find him eligible for benefits on the ground that he is totally or partially disabled within the meaning of the Act. We uphold the finding of the BRB that McCabe is not eligible for total disability benefits and find that McCabe may be eligible for partial disability benefits. However, we are unable to resolve the issue of partial disability benefits because of some irreconcilable inconsistencies in the record below. We therefore will remand this case to the administrative agency for a second consideration of this issue.
 
 II.
 
 2
 Leo McCabe, who was sixty years old when he made his application for disability benefits, was employed from 1931 to 1974 at Sun Shipbuilding. During that more than 40-year period of employment he worked in a variety of positions primarily as a chipper and caulker. In these positions he was exposed to metal dust particles, welding fumes, and asbestos particles. Decision and Order No. 76-LHCA-427 of the Administrative Law Judge at 8, June 16, 1976, Joint Appendix at 250. (All subsequent citations to the Decision will refer only to the Joint Appendix).
 
 
 3
 In November 1974, while at work McCabe experienced considerable pain in his upper chest and reported to Sun Shipbuilding's dispensary for medical assistance. An x-ray of his chest revealed the possibility of some lung damage and the company's doctor, Dr. Vincent Kownacki, told McCabe that it would not be wise for him to continue on his job as a metal chipper, and suggested that McCabe seek further medical assistance to clarify the diagnosis and, if necessary, to receive treatment. Appendix at 230-33. McCabe went to a specialist in pulmonary diseases, Dr. George Strother, who concluded that McCabe may have had some form of pneumoconiosis and interstitial lung disease.[1] Dr. Strother suggested that a lung biopsy would be necessary for a more accurate diagnosis and told McCabe that "it would probably not be wise (for him to) continue on his job as a metal chipper." Id. McCabe chose to cease his employment and applied for and was granted early retirement benefits from Sun Shipbuilding in January 1975.
 
 
 4
 In February 1975 he filed for disability benefits alleging that he was permanently disabled because he suffered from histoplasmosis, interstitial lung disease and pneumoconiosis.[2] Appendix at 202. His application was resisted by Sun Shipbuilding which asserted, Inter alia, that McCabe did not have a disabling injury that resulted from his employment.
 
 
 5
 An administrative hearing was conducted at which both McCabe and Sun Shipbuilding called medical experts to testify about the condition of McCabe's lungs. The major difference which arose among these witnesses concerned the significance of interstitial markings which were revealed in the x-rays of McCabe's lungs. The administrative law judge, after reviewing the evidence, denied McCabe's claim and found:
 
 
 6
 1. Claimant Leo McCabe has been employed as a shipfitter and chipper . . .
 
 
 7
 2. During that time he has been exposed to metal dust particles, as well as welding fumes, and asbestos particles during the course of his employment . . .
 
 
 8
 5. Claimant should not continue to work in a confined area where he might inhale welding fumes, asbestos particles, or metal particles, or any other foreign substance which might aggravate his respiratory system . . .
 
 
 9
 7. Claimant is suffering no medical impairment which cannot be compensated by a change of employment by Sun.
 
 
 10
 Decision, Appendix at 250.
 
 
 11
 The administrative law judge also made conclusions of law. Among his conclusions were:
 
 
 12
 1. Claimant . . . was injured on the navigable waters . . . within the meaning of the Act.
 
 
 13
 2. At the time of his injury, Claimant was engaged in maritime employment; and the injury arose out of and in the course of such employment, within the meaning . . . of the Act . . .
 
 
 14
 4. Claimant is not entitled to compensation for disability because he does not have an incapacity because of the injury to earn the wages which he was receiving at the time of the injury.
 
 
 15
 Decision, Appendix at 251.
 
 
 16
 McCabe appealed to the Benefits Review Board of the United States Department of Labor,[3] asserting that his Prima facie case establishing total disability had not been rebutted by the company and alternatively that even if the Prima facie case had been rebutted, his case should be remanded for an award of partial disability benefits. McCabe was unsuccessful in his appeal before the BRB. He has appealed to this court on the same grounds he presented to the BRB. An appeal from the BRB decision was also taken by the Director of the Office of Workers' Compensation Program, United States Department of Labor. The two appeals have been consolidated in this action.[4]
 
 III.
 
 17
 The Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. §§ 901-950, provides for the payment of disability benefits to workers who have become disabled as a result of their employment. The Act provides for the award of benefits when a claimant becomes disabled temporarily or permanently, and when he has a total or partial incapacity.[5] To receive benefits a claimant must establish, among other things, that he has been injured during the course of his employment and that he is disabled as a result of the injury.[6]
 
 
 18
 The appellants assert that McCabe established a Prima facie case of permanent total disability, because he established that he could not return to his former job; and that the only evidence introduced in rebuttal was a purported willingness of Sun Shipbuilding to hire McCabe in a less hazardous position. They argue that this evidence was inadequate to rebut the Prima facie case and therefore McCabe should be awarded permanent total disability benefits.[7]
 
 
 19
 The opinion of the administrative law judge indicates that the following evidence was presented at the hearing:
 
 
 20
 (1) Evidence that McCabe "had worked for three or four weeks full-time as a park policeman." Decision, Appendix at 246.
 
 
 21
 (2) Testimony by McCabe "that he would accept work as a parking lot attendant or as a tool room attendant." Id.
 
 
 22
 (3) Testimony by Dr. Peter Theodos that McCabe could "work at any occupation in which there were no further dust hazard." Id.
 
 
 23
 (4) Testimony by McCabe as to his ability to perform the duties of a carpenter, plumber and maintenance worker. Id. at 248.[8]
 
 
 24
 We hold that this evidence was sufficient for the administrative law judge to conclude that McCabe was not totally disabled. We note that the administrative law judge considered not only evidence submitted by Sun Shipbuilding, but also McCabe's own testimony that he felt he had the ability to perform the duties of a maintenance worker and that he would accept employment as a parking lot attendant some place other than Sun Shipbuilding.
 
 
 25
 Under the Act if a claimant can show that as a result of his injury he has a loss of wage-earning capacity he may be eligible for partial disability benefits. The appellants have asserted that McCabe should, at a minimum, be awarded benefits for a partial disability because his wage-earning capacity has been reduced as a result of his injury. As we noted above, the administrative law judge concluded that McCabe did not "have an incapacity . . . to earn the wages which he was receiving at the time of the injury," and therefore was not disabled within the meaning of the Act. Decision, Appendix at 251. We believe this conclusion was based on the improper application of the relevant legal principles and therefore believe that a remand is in order.
 
 
 26
 First, it has been the rule in this circuit for more than 40 years that actual wages not specified contract wages should be used in determining loss of wage earning potential. Baltimore & Philadelphia Steamboat Co. v. Norton, 48 F.2d 57 (3d Cir. 1931), Modified 284 U.S. 408, 52 S.Ct. 187, 76 L.Ed. 366 (1932). In this case the administrative law judge compared the hourly wages of a parking lot attendant at Sun Shipbuilding, $5.21, with McCabe's hourly wage at the time of his retirement, $4.94. However, the records show that the parties had stipulated that McCabe regularly earned overtime pay. Thus it was improper to use McCabe's hourly wage in the comparison instead of his average weekly pay, $237.65. Decision, Appendix at 249.
 
 
 27
 Second, the administrative law judge compared McCabe's 1974 wages as a chipper with the 1976 wages of a parking lot attendant. The appropriate comparison should have been between the wages the claimant would have been earning had he remained as a chipper and the wages he could have earned in another position. Because we note that there was a strong likelihood that the 1976 wages of a chipper were higher than 1974 wages, evidence of 1976 chipper wages should have been considered.
 
 
 28
 Ordinarily we would remand for the limited purpose of calculating loss of wage-earning capacity. We are reluctant to do so, however, because of inconsistencies in the decision of the administrative law judge.
 
 
 29
 The administrative law judge, in the body of his decision, stated:
 
 
 30
 As between the testimony of Dr. Peter A. Theodos, who was called by Claimant, and Drs. Hermel and Sokoloff, who were called by Sun, I give greater weight to that of Dr. Hermel and Sokoloff regarding impairment.
 
 
 31
 Decision, Appendix at 246 (emphasis supplied).
 
 He noted later in the decision:
 
 32
 Dr. Theodos' X-ray, taken on April 8, 1975, was interpreted by him to show a minimal degree of linear fibrosis in the lower zones of the lungs bilaterally. The rest of the lung fields were clear. Dr. Hermel found a lung field free of interstital disease. Not only was Dr. Hermel a Board-certified radiologist, but he demonstrated by use of an X-ray film of Claimant's chest and a view box the superiority of the technique he followed in filming the chest.
 
 
 33
 Id. at 247 (footnotes and citations omitted; emphasis added). And he noted further:
 
 
 34
 Dr. Sokoloff testified that based upon a reasonable medical certainty he was of the opinion That Claimant has no physical impairment due to pulmonary disease. Id. at 248.
 
 
 35
 Thus the two medical experts upon whom the administrative law judge relied testified that McCabe did not have a diseased lung. No other injury was discussed by either McCabe's or Sun Shipbuilding's witnesses. Yet the administrative law judge clearly concluded that McCabe "was injured . . . and the injury arose out of and in the course of such employment." Decision, Appendix at 251. We are reluctant to order a remand that may result in an award of benefits with so uncertain a record.
 
 
 36
 Therefore we will remand this case for a second hearing to determine whether McCabe has an injury that can form the basis of a claim for disability benefits, and, if so, whether he should be awarded benefits on the basis of a partial disability. Additional evidence as to the existence of lung disease and loss of wage-earning capacity may be considered at that time. Sun Shipbuilding also resisted McCabe's claim on the ground that it was not timely filed. If on remand it is determined that McCabe is disabled, this claim should be addressed.
 
 
 
 *
 Howard T. Markey, Chief Judge, United States Court of Customs and Patent Appeals, Washington, D. C., sitting by designation
 
 
 [1]
 Pneumoconiosis is a chronic disease of the lungs marked by an overgrowth of connective tissue and caused by the inhalation of large quantities of dust. Symptoms include cough, pain in the chest, shortness of breath and fatigue after slight exertion. 2 Schmidt's Attorney's Dictionary of Medicine 164 (1978)
 Interstitial lung disease is an inflammation and fibrosis (an overgrowth of tissue) between the alveoli (air sacs) and the blood vessels in the lung.
 
 
 [2]
 Histoplasmosis is an infectious disease marked by anemia, fever, increase in the number of white blood cells and involvement of the lungs and the adrenal glands. Webster's Third New International Dictionary 1075 (1964)
 
 
 [3]
 The Benefits Review Board is authorized to hear and determine appeals raising questions of both law and fact. 33 U.S.C. § 921
 
 
 [4]
 McCabe has previously been before this court seeking disability benefits. In Sun Shipbuilding & Dry Dock Co. v. McCabe, 593 F.2d 234 (3d Cir. 1979), he sought disability benefits for a progressive hearing loss. We reversed the granting of his claim by the BRB on the grounds that it was barred by the statute of limitations and the notice provision of the Act
 
 
 [5]
 33 U.S.C. § 908
 
 
 [6]
 "Injury" is defined in the Act as:
 Such occupational disease or infection as arises naturally out of such employment or as naturally or unavoidably results from such accidental injury. 33 U.S.C. § 902(2).
 "Disability" is defined in the Act as:
 Incapacity because of injury to earn the wages which the employee was receiving at the time of injury in the same or any other employment. 33 U.S.C. § 902(10).
 
 
 [7]
 While the Act does not outline a claimant's burden for establishing the existence of a disability, most courts that have considered this question have held that if a claimant proves he is unable to perform his previous job because of job-related injury, a Prima facie case has been set out. These courts have held that the burden then shifts to the employer to show that there are other jobs available that the claimant could perform. See, e. g., American Stevedores, Inc. v. Salzano, 538 F.2d 933 (2d Cir. 1976); Perini Corp. v. Heyde, 306 F.Supp. 1321 (D.R.I.1969)
 
 
 [8]
 The appellants challenge the administrative law judge's summary of McCabe's testimony on his carpentry and plumbing skills. While the record indicates that the summary may be somewhat inaccurate, we will not resolve the factual dispute as it is unnecessary to our disposition of this question